**Michael Tony CARO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–01366–CR.**

Court of Appeals of Texas, Dallas.

Nov. 17, 1988.
Discretionary Review Refused
March 8, 1989.

Joe H. Loving, Jr., Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before STEPHENS, STEWART and ROWE, JJ.

ROWE, Justice.

After a jury trial, Michael Tony Caro was convicted of unauthorized use of a vehicle. The jury sentenced Caro to eight years' confinement and assessed a fine of $2,500.00. In his three points of error, Caro argues that the trial court erred: (1) in denying Caro's oral motion to quash the indictment for failing to set forth the proper culpable mental state; (2) in denying Caro's motion to suppress evidence as a result of an illegal search; and (3) in denying Caro's motion for directed verdict because there is insufficient evidence to sustain the conviction.

## The Indictment

■ The relevant portion of the indictment alleges that Caro did "knowingly and intentionally operate a motor-propelled vehicle, namely: a station wagon, without the effective consent of VICTOR RODRIGUEZ, the owner thereof." Caro argues that the indictment is defective because it does not separately set forth a culpable mental state modifying the language "without the effective consent of VICTOR RODRIGUEZ." *Citing Gardner v. State,* 736 S.W.2d 179 (Tex.App.—Dallas 1987, pet. granted). The State replies that the indictment avers the elements of the offense in terms of the statute and therefore gives Caro adequate notice of the offense charged.

When reviewing the sufficiency of an indictment, the rule is that the indictment should charge an offense in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead any judgment in bar of further prosecution for the same offense. *Wilson v. State,* 520 S.W.2d 377, 379 (Tex. Crim.App.1975); *Gaines v. State,* 501 S.W. 2d 315, 317 (Tex.Crim.App.1973). Ordinarily, an indictment is sufficient if it charges an offense in the terms of the statute. *Reynolds v. State,* 547 S.W.2d 590, 592 (Tex.Crim.App.1976); *Baldwin v. State,* 538 S.W.2d 109, 111 (Tex.Crim.App.1976). The statute defining the offense of unauthorized use of a vehicle provides:

(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

TEX.PENAL CODE ANN. § 31.07 (Vernon 1974).

In *Allen v. State,* the Court of Criminal Appeals upheld an indictment alleging that the appellant did "intentionally and knowingly operate a motor vehicle owned by A.R. Price, hereafter styled Complainant, without the effective consent of the Complainant." 549 S.W.2d 5, 6 (Tex.Crim.App. 1977); *see also Mears v. State,* 557 S.W.2d 309, 310 (Tex.Crim.App.1977) (upholding

similar language). The *Allen* court noted that the indictment charged the offense in terms of the statute and gave adequate notice of the charged offense to the accused. *Allen*, 549 S.W.2d at 6. *Gardner* does not require a different result. In *Gardner*, this Court concluded that the culpable mental states as set forth in section 31.07 modify both "operates a motor-propelled vehicle" as well as "without the effective consent of the owner." *Gardner*, 736 S.W.2d at 181–82.

The indictment in this case tracks section 31.07 in plain and intelligible language. The indictment charges the offense of unauthorized use of a vehicle with enough certainty as to enable Caro to know what he was required to defend against. Accordingly, we overrule Caro's first point of error.

### The Search

■ In his second point of error, Caro complains about the legality of a search. Police arrested Caro while he was in possession of another stolen car. Officer Cecil D. Watson testified that at the time of the arrest he seized a driver's license and two traffic citations from Caro's billfold. Officer Watson testified that he recovered the billfold either from Caro's pocket or from the passenger compartment of the stolen car that Caro was in. Officer Watson also stated that he did not further search the stolen car.

■ A lawful custodial arrest authorizes a contemporaneous search without a warrant of the person arrested and of the area within the immediate control of the arrestee. *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2039, 23 L.Ed.2d 685 (1969); *Gauldin v. State*, 683 S.W.2d 411, 414 (Tex.Crim.App.1984). When a police officer makes a lawful custodial arrest of the occupant of an automobile, the officer may search the passenger compartment of that automobile as a contemporaneous incident of the arrest. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *Osban v. State*, 726 S.W.2d 107, 111 (Tex.Crim.App.1986). The officer may also examine the contents of

any containers, whether open or closed, found within the passenger compartment. *Belton*, 453 U.S. at 460–61, 101 S.Ct. at 2864.

Here, police arrested Caro after watching him enter and drive a stolen vehicle. Caro does not contest the lawfulness of his arrest. Incident to that arrest, police were entitled to search Caro's person and the passenger compartment of the automobile. Although Officer Watson's testimony does not establish precisely where he found the billfold, it does limit the location to either Caro's person or the passenger compartment of the stolen car. Since Officer Watson could lawfully search both of these locations, we hold that the search was a legal contemporaneous search incident to a lawful custodial arrest. We therefore overrule Caro's second point of error.

### Sufficiency of the Evidence

■ In his third point of error, Caro attacks the sufficiency of the evidence by arguing that there is insufficient evidence to establish beyond a reasonable doubt that he operated Rodriguez's station wagon. The record reflects that as Rodriguez was leaving Red Bird Mall a little before 3:00 p.m. on September 18, 1987, Caro approached Rodriguez's station wagon. Caro showed Rodriguez a badge and told him that Rodriguez was suspected of shoplifting from J.C. Penney. Caro asked Rodriguez to follow him back into the store and to wait while Caro called his supervisor. Ostensibly to prevent Rodriguez from fleeing, Caro told Rodriguez to give him the keys to Rodriguez's car. After waiting several minutes for Caro to return, Rodriguez went to an entrance and saw that his car was missing from the parking lot.

At 3:13 p.m. on that day, Officer R.C. Foster stopped Rodriguez's car after observing it speeding through a school zone. At the time of the stop, the driver produced a driver's license bearing the name and photograph of David Jenson Lover. Foster glanced at the license and then issued two traffic citations. At trial, Foster identified Caro as the driver of Rodriguez's car at the time of the stop.

On September 22, 1987, Watson arrested Caro while he was driving another stolen car. Watson seized a billfold which contained Lover's driver's license and the violator's copies of the two traffic citations issued by Foster. Watson testified that he also found a toy badge in the billfold.

Also on September 22, 1987, police recovered Rodriguez's station wagon. A police investigator lifted a latent fingerprint from the inside of the driver's window. An expert compared the fingerprint from the car with fingerprints taken from Caro the morning of trial. The expert testified that the fingerprint matched Caro's right middle fingerprint.

Officer Foster was the only witness to testify that he actually saw Caro operating Rodriguez's station wagon. During the cross-examination, the defense attacked Foster's identification of Caro by showing that the driver's license tendered to Foster displayed a photograph of Lover, not Caro. Foster testified that one reason an officer requests identification during a traffic stop is to compare the photograph on the license with the driver. Foster agreed that he did look at the photograph on the license but did not notice that the driver did not resemble the photograph.

In reviewing Caro's point of error, our standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that Caro operated Rodriguez's station wagon. *See Jackson v. Virginia*, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1987); *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex.Crim.App.1985). If there is any evidence that establishes this essential element of the offense beyond a reasonable doubt and if the trier of fact believes that evidence, the judgment may not be reversed on the ground of insufficient evidence. *See Combs v. State*, 643 S.W.2d 709, 726 (Tex.Crim.App.1982). The trier of fact is the sole judge of the weight and credibility of the evidence and may believe or disbelieve all or any part of any witness' testimony. *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App.

1984); *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App.1978).

The disparity between Foster's identification of Caro and his statements concerning the driver's license only goes to the reliability of his testimony. In light of the remaining evidence identifying Caro, a rational trier of fact could have concluded that although Foster did not scrutinize the driver's license tendered to him as carefully as he should have, he could still remember Caro's physical features well enough to identify him. Indeed, such conclusions logically reconcile this testimony with the physical evidence seized from Caro at the time of his arrest and with the fingerprint of Caro lifted from Rodriguez's station wagon. We conclude, therefore, that when viewed in the light most favorable to the prosecution, a rational jury could have found that Caro was the person operating Rodriguez's station wagon at the time of Foster's stop. Accordingly, we overrule Caro's third point of error.

We affirm the judgment of the trial court.