**Ronald Eugene CHAMBLESS,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–399–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Patricia Saum, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Ronald Eugene Chambless, guilty of unauthorized use of a motor vehicle. *See* Tex.Penal Code Ann. § 31.07(a) (Vernon 1989). Two prior felony offenses were alleged in the indictment for enhancement purposes. The jury assessed as punishment eighty-five years in the Texas Department of Corrections. We affirm.

Appellant, in points of error one, two and six, contends that the indictment is defective because of certain errors in the enhancement allegations. By point one, he argues that the indictment fails to allege that he had been twice before convicted of felony offenses. By point two, he argues that the indictment failed to afford him sufficient notice of a prior conviction upon which the State sought to enhance his punishment. In point six, he argues that the first enhancement paragraph alleges a void conviction. He does not contend that a jurisdictional defect exists in the primary offense. The appellate record contains neither a motion to quash the indictment nor any other pre-trial motion or exception sufficient to raise these complaints to the trial court. Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.1989) provides, in relevant part, that an accused "waives and forfeits the right to object to the defect" and "may not raise the objection on appeal or in any other postconviction proceeding" if he "does not object to [the] defect, ... of form or substance" before trial on the merits. Appellant failed to present his alleged indictment errors to the trial court at pretrial; he is, therefore, prohibited from raising these alleged errors for the first time on appeal. *See* Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.1989). They are waived.

By point three, appellant complains that the punishment charge is fatally defective because a material and fatal variance exists between the second enhancement paragraph and the punishment charge. The second enhancement allegation states that:

> Before the commission of the primary offense, and after the conviction in Cause No. 185964 was final, the defendant committed the felony of burglary of a habitation with intent to commit theft, in Cause No. 230874, in the 185th District Court of Harris County, Texas.

Appellant argues that this enhancement paragraph does not allege that he experienced a *conviction* for the offense of burglary of a habitation with intent to commit

theft. He maintains that the punishment charge does allege that he was convicted for this particular offense. Thus, he concludes that a variance exists between the second enhancement allegation and the punishment charge. We note that even though the enhancement allegation does not allege a conviction, it certainly afforded appellant notice of the State's intent to use that offense as an enhancement allegation.

■ The punishment charge required the jury to find that appellant *committed* the second enhancement allegation after the first conviction became final. This requirement is correctly stated. In order to sentence appellant as a habitual felony offender, the State had the burden to prove that appellant "has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, ..." Tex.Penal Code Ann. § 12.42(d) (Vernon Supp.1989). Appellant failed to challenge the second enhancement paragraph pre-trial; he is, therefore, prohibited from raising any alleged error concerning the second enhancement paragraph for the first time on appeal. *See* Tex.Code Crim. Proc.Ann. art. 1.14(b) (Vernon Supp.1989). Since the charge correctly states what had to be proved, there is no error in the charge.

By point four, appellant complains that the evidence is *insufficient* to prove venue in Harris County as alleged in the indictment. Appellant was indicted for unauthorized use of a motor vehicle. A grand jury returned the indictment in Harris County, Texas, where the case was prosecuted.

■ Tex.R.App.P. 80(d) provides that the Court of Appeals shall presume that venue was proved in the court below unless the matter was made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record. Appellant, at the trial court level, did not specifically raise the State's alleged failure to prove venue, and we see nothing to the contrary in the record. Therefore, we shall presume that the State met its burden to prove venue in Harris County, Texas. *See* Tex.R.App.P. 80(d).

■ Moreover, in Tex.Code Crim.Proc. Ann. art. 13.23 (Vernon Supp.1989), our legislature specifically authorized the prosecution of such offenses "where the unauthorized use of the vehicle occurred or in the county in which the vehicle was originally reported stolen." By authorizing venue in the county where the vehicle was originally reported stolen (Harris County in the instant case), the legislature presupposed subject-matter jurisdiction in the courts of that county in such cases. Here, the complainant, Paul A. Goike, testified that the last place he saw his truck before it disappeared was in a parking lot located in Harris County, Texas. He also testified that he did not give appellant or anyone else permission to take his vehicle. Officer Williams testified that he received a dispatch advising him to proceed to Deerbrook Mall. Upon arrival, he spotted Goike's stolen vehicle. A chase ensued, and appellant eventually abandoned the vehicle, fleeing on foot. Williams followed but lost him. Later, he sighted appellant about one-half mile from where he last saw him. Williams took appellant into custody. Williams testified that all of this took place in Harris County, Texas. Consequently, the evidence is sufficient to support venue in Harris County. Point of error four is overruled.

■ By point five, appellant argues that the trial court erred in overruling his motion for instructed verdict because a material and fatal variance exists between the complainant's name as alleged in the indictment and the complainant's name as proven. Our law provides that "[i]n alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname...." Tex.Code Crim. Proc.Ann. art. 21.07 (Vernon 1989). In the instant case, the owner of the vehicle in question testified that his name is "Paul A. Goike." The indictment alleges the owner of the vehicle in question as "P. Goike." The initial "P." is the first initial of the

complainant's Christian name, Paul. We hold that the variance between "Paul A. Goike" and "P. Goike" is not material and that the alleged variance was not prejudicial or misleading to appellant. *See, Martin v. State,* 541 S.W.2d 605, 606 (Tex.Crim. App.1976); *Mayfield v. State,* 649 S.W.2d 361, 362–63 (Tex.App.—Fort Worth 1983, pet. ref'd); Tex.Code Crim.Proc.Ann. art. 21.07 (Vernon 1989). Appellant's point is without merit.

By point seven, appellant challenges the constitutionality of Tex.Penal Code Ann. § 31.07 (Vernon 1989). Appellant argues that § 31.07 violates U.S. Const. amends. V, VI and XIV as well as Tex. Const. art. 1, §§ 10 and 19 (Vernon 1984) because it fails to provide adequate notice of the forbidden conduct, and because it shifts the burden of proof to the defendant. Section 31.07 provides that:

> (a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.
>
> (b) An offense under this section is a felony of the third degree.

Appellant's argument, we believe, attacks § 31.07 as unconstitutionally vague. In *Clark v. State,* 665 S.W.2d 476, 483 (Tex.Crim.App.1984), our Court of Criminal Appeals held that in a vagueness challenge, where no First Amendment rights are involved, the reviewing court need only scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging party's specific conduct. A vagueness challenge to an enactment will be upheld only if it is impermissibly vague in all of its applications. *Briggs v. State,* 740 S.W.2d 803, 806 (Tex. Crim.App.1987). Furthermore, when challenging the constitutionality of a statute, it is incumbent upon a defendant to show that in its operation, the statute is unconstitutional to him in his situation; that it may be unconstitutional regarding others is not sufficient. *Parent v. State,* 621 S.W.2d 796 (Tex.Crim.App.1981). A statute is unconstitutionally void for vagueness only when no standard of conduct is obtained at all or when no core of prohibited activity is defined. *Briggs,* 740 S.W.2d at 806.

We focus on the elements of the offense that the State was required to prove. The elements of the offense under § 31.07 are: (1) a person (2) intentionally or knowingly (3) operates an airplane, boat, or motor-propelled vehicle (4) *without the effective consent of the owner.* *Musgrave v. State,* 608 S.W.2d 184, 189 (Tex.Crim.App. 1980). According to the evidence adduced at trial, Officer Williams saw appellant operating Goike's vehicle. Goike testified that he did not give anyone, including appellant, consent to operate his vehicle. We conclude that § 31.07 clearly establishes a standard of conduct and a core of prohibited activity. *See Briggs,* 740 S.W.2d at 806.

In his brief, appellant maintains that § 31.07 is a criminal strict liability statute. Appellant would have us hold that the instant a driver turns the key in the ignition switch in a vehicle that turns out to be stolen, that person becomes a felon. We disagree. Section 31.07 does not create a criminal strict liability offense. *See Lynch v. State,* 643 S.W.2d 737, 738 (Tex. Crim.App.1983). Therefore, the burden of proof is not shifted to appellant. We overrule all of appellant's arguments and AFFIRM the trial court's judgment.