Jimmy GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–88–238–CR.

Court of Appeals of Texas,
Austin.

Feb. 7, 1990.

Rehearing Denied Feb. 28, 1990.

Linda Icenhauer–Ramirez, Austin, for appellant.

Ronald Earle, Dist. Atty., William G. Reid, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and JONES and ONION *, JJ.

Before ONION, Justice.

In a bench trial the appellant was found guilty of unauthorized use of a motor-propelled vehicle. *See* Tex.Pen.Code Ann. § 31.07(a) (1989). After the finding of guilt on the third degree felony, the trial court set aside the judgment and entered a "judgment of guilt" for a Class A misdemeanor in accordance with Tex.Pen.Code Ann. § 12.44(a) (Supp.1990). The punishment assessed was one (1) year confinement in the county jail.

On appeal, appellant advances a sole point of error challenging the sufficiency

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by as-signment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

of the evidence to sustain the conviction. He argues the evidence is insufficient to show that he operated the vehicle in Travis County. We will affirm the judgment of conviction.

Karen Kahanek testified she lived in Austin, and that on August 20, 1988, she had possession of and use of a 1984 maroon Thunderbird automobile with license plate 731–KZP. The title to the car was in her father's name. She related that about 10:30 or 11 p.m. on August 20th she parked her automobile in a lot off of 7th and Neches streets in Austin, Travis County, Texas; that at the time she was with her boyfriend and his roommate and, that they were on their way to 6th Street one block away.

Karen revealed that when they returned to the lot about 1:30 a.m. on August 21st, they discovered that her car was missing. She reported the car stolen to the Austin police. She testified that she had not given the appellant or anyone else permission to take or operate her automobile. She recovered the car from the La Grange Police Department.

W.H. Raabe, a Lower Colorado River Authority Ranger, testified that about 2:15 a.m. on August 21, 1989, while he was driving on Highway 71 in Fayette County five miles west of La Grange, a 1984 Ford Thunderbird automobile, License No. 731–KZP, passed him at a high rate of speed, almost sideswiped his vehicle, and then crossed the center line. Raabe radioed ahead to Officer Hudgins of the La Grange Police that a possible drunk driver was headed into La Grange. Raabe followed the Thunderbird into La Grange and he observed Officer Hudgins stop the Thunderbird and arrest the occupants.

Officer Carlton Hudgins, La Grange Police Department, testified he waited for the Thunderbird to cross the Colorado River bridge and followed it for several blocks. Noticing that neither of the two occupants were wearing seat belts, he stopped and arrested appellant and his passenger, Rojelio Delgado, for traffic violations. Hudgins observed the car window on the driver's side was completely broken out. Glass was

"all over" the appellant who was driving the Thunderbird. He had small cuts and nicks on his body. The appellant, who had no driver's license, told Officer Hudgins he did not know what had happened to the window. In the car, Officer Hudgins found some Exxon gas receipts with the name Karen Kahanek on them and a notebook with the same name. Appellant and Delgado denied knowing Kahanek. Hudgins testified, "[W]hen I was out with the defendant here, I asked him where he was coming from. And at first he said San Marcos, and then later he told me he was in Austin."

Hudgins estimated that it would take approximately an hour and fifteen minutes to drive from Austin in Travis County to La Grange in Fayette County. He further related that after stopping appellant, he made several telephone calls to Austin and learned that Kahanek had reported her vehicle stolen.

The court overruled appellant's motion for an instructed verdict based on the failure of the State to show the offense occurred in Travis County. Thereafter, appellant rested without offering evidence.

The standard of review for the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, n. 12, 99 S.Ct. 2781, 2789, n. 12, 61 L.Ed.2d 560 (1979) (emphasis in original). The preceding standard is to be employed in both direct and circumstantial evidence cases. *See Chambers v. State*, 711 S.W.2d 240, 244–45 (Tex.Cr.App.1986); *Christian v. State*, 686 S.W.2d 930, 934 (Tex.Cr.App. 1985); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Cr.App.1984); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Cr.App.1983) (opinion on rehearing).

A conviction based upon circumstantial evidence, however, cannot be sustained if the circumstances do not exclude every other reasonable hypotheses except that of the defendant's guilt. *Carlsen*, 654 S.W.2d at 449; *see also Butler v. State*, 769

S.W.2d 234 (Tex.Cr.App.1989); *Burns v. State,* 676 S.W.2d 118 (Tex.Cr.App.1984). Thus, if the evidence supports an inference other than the guilt of the defendant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Schershel v. State,* 575 S.W.2d 548, 550 (Tex.Cr.App. 1979); *see Houston,* 663 S.W.2d at 456. Any hypothesis must be reasonable, consistent with the facts proved and the circumstances, and not out of harmony with the evidence. *Autry v. State,* 626 S.W.2d 758, 761 (Tex.Cr.App.), cert. denied, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982).

■ In deciding whether there is circumstantial evidence to support a conviction, each case must necessarily be tested by its own facts. *Robinson v. State,* 570 S.W.2d 906, 909–10 (Tex.Cr.App.1978).

In a bench trial, the judge is the trier of the facts, the judge of the credibility of the witnesses and the weight to be given their testimony. A judge may believe or disbelieve all or any part of a witness's testimony. *See Wicker v. State,* 667 S.W.2d 137, 141 (Tex.Cr.App.), cert. denied, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984); *Limuel v. State,* 568 S.W.2d 309, 311 (Tex. Cr.App.1978).

■ Appellant's attack upon the sufficiency of the evidence centers upon whether the evidence showed that he operated the vehicle in question in Travis County.

Texas Code Cr.P.Ann. art. 13.23 (Supp. 1990) provides:

> An offense of unauthorized use of a vehicle may be prosecuted in any county where the unauthorized use of the vehicle occurred or in the county in which the vehicle was originally reported stolen.

Texas Code Cr.P.Ann. art. 13.17 (1977) provides in part:

> To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue.

■ Since venue is a jurisdictional fact, not an element of the offense, it need not be established by the evidence beyond a reasonable doubt. Venue may be established by a preponderance of the evidence, whether circumstantial or direct. *Black v. State,* 645 S.W.2d 789, 790 (Tex.Cr.App. 1983); *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Cr.App.1981); *Edwards v. State,* 427 S.W.2d 629, 636 (Tex.Cr.App.1968) (opinion on rehearing).

The indictment in the instant case in pertinent part alleged that the appellant "on or about the 21st day of August A.D.1988, and before the presentment of this indictment in the County of Travis, and State of Texas, did intentionally and knowingly operate a motor propelled vehicle owned by Karen Kahanek without his [*sic*] effective consent...."

In most cases the unauthorized use occurs in the same county where the vehicle is originally reported stolen leaving no question about where venue lies. Under article 13.23 the State may, however, allege venue in the county where the vehicle is originally reported stolen and prove unauthorized use in another county. Depending upon the circumstances, the offense of unauthorized use of a motor-propelled vehicle may be a continuing offense. There may be unauthorized use by a person in the county where the vehicle is originally reported stolen as well as unauthorized use in another county by the same person.

The evidence shows that Kahanek's vehicle was stolen in Travis County between the hours of 10:30 or 11 p.m. on August 20, 1988, and 1:30 a.m. on August 21, 1988. It was reported to the police in Austin, Travis County, to have been stolen about 1:30 a.m. Approximately 45 minutes later, the vehicle was stopped in La Grange, Fayette County, being driven by the appellant under the circumstance earlier described. It was shown that it takes approximately one hour and fifteen minutes to drive from Austin to La Grange. When stopped, appellant had glass "all over" him and the driver's window on the car had been broken out. Appellant told the officer he had come from

Austin and that he did not know the complaining witness, Kahanek.

Given the facts and circumstances in the instant case, viewed in the light most favorable to the prosecution, we conclude that a rational trier of facts could have found all the essential elements of the offense charged, including operation of a motor-propelled vehicle, beyond a reasonable doubt, and that the circumstances excluded every other reasonable hypothesis except the appellant's guilt. Venue, as laid in Travis County, was supported by evidence that the vehicle was originally reported there as well as by evidence of unauthorized use in said county.

The sole point of error is overruled. The judgment is affirmed.