**Phil Allen CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-89-00509-CR.**

Court of Appeals of Texas,
Dallas.

Aug. 29, 1990.

Russ Henrichs, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before HOWELL, LAGARDE and THOMAS, JJ.

## OPINION

THOMAS, Justice.

Phil Allen Clark appeals his conviction for unauthorized use of a motor vehicle. After Clark entered a guilty plea, the jury set punishment, enhanced by prior felonies, at fifty years' confinement in the Texas Department of Corrections.[1] In two points of error, Clark complains that: (1) the trial court erred in overruling his motion to quash the indictment, and (2) he was accused and tried with a fundamentally defective indictment. We find no merit in

---

1. Now Texas Department of Criminal Justice, Institutional Division.

Clark's arguments and, accordingly, affirm the trial court's judgment.

## FACTUAL BACKGROUND

During the early 1980's, Clark was employed as a new car salesman at Preston Chrysler Plymouth, an automobile dealership in Dallas, Texas. He was terminated after approximately eight or nine months. A routine quarterly inventory of vehicles was conducted at Preston Chrysler Plymouth on August 8, 1988. At that time, the dealership personnel discovered that a new 1988 Dodge Caravan was missing. In addition, the dealership personnel learned that Texas license plates bearing the number 294 SNF had been stolen from a used 1988 Plymouth Grand Voyager. After attempting to locate the 1988 Dodge Caravan by checking the records of car loans and inter-dealership transfers, Gary Lubbers, the general sales manager at Preston Chrysler Plymouth, finally determined that the vehicle had been stolen. Therefore, on October 6, 1988, the 1988 Dodge Caravan was reported as stolen.

On August 8, 1988, Deputy Marshall Kenneth Gwin of the Edinburgh Police Department in Edinburgh, Johnson County, Indiana, responded to a disturbance call involving Clark. On that date, Officer Gwin saw Clark driving a 1988 Dodge Caravan with Texas license tags bearing number 294 SNF. Officer Gwin ran the license number and discovered that it was registered to a 1988 Chrysler Corporation vehicle. Throughout August and September 1988, Officer Gwin repeatedly saw Clark driving the vehicle throughout Johnson County. On one of these occasions, the officer noticed that the license tags had been changed and that the new plate was a Texas tag bearing the number 981 TED. Officer Gwin did not investigate the license plate discrepancy because he was waiting to receive information with regard to an outstanding warrant on an unrelated charge. On October 12, 1988, the Edinburgh Police Department executed a warrant on a different offense and arrested Clark at his residence. At that time, the 1988 Dodge Caravan, bearing a set of dealer's tags from an Indianapolis car dealership, was impounded. When the vehicle identification number was checked through the national computers, Officer Gwin discovered that the vehicle had been reported as stolen by Preston Chrysler Plymouth.

Rosemary Shaw, Clark's girlfriend, testified that she met Clark on June 6, 1988, after they graduated from the same truck driving school in Waxahachie, Texas. Soon after they began to date, Clark appeared in a 1988 Dodge Caravan. Shaw was going to visit her family in Indiana and Clark offered to drive her. On the way to Indiana, Shaw became suspicious about the ownership of the Dodge and began to question Clark. He insisted that he owned the vehicle and that he had papers to prove it. Clark drove back to Texas in August and returned to Indiana with a retail sales contract in September. Shaw told the jury that when Clark left, the license tag on the Dodge was 294 SNF, and when he returned, the vehicle had a different set of tags with the number 981 TED. Shaw was not convinced by the paperwork he showed her that Clark owned the Dodge, and she therefore turned over all of the material to the Edinburgh Police Department in September 1988. Testimony further revealed that the retail sales contract included in the paperwork was a forgery.

## THE INDICTMENT

■ Clark's points of error will be addressed together since they both concern essentially the same issue, the validity of the indictment. In the first point, Clark contends that the trial court erred in overruling his motion to quash the indictment. Clark asserts in the second point that, as a result of this error, he was accused and tried with a fundamentally defective indictment. We disagree with both contentions.

The State contends that Clark has waived these complaints because his motion to quash and his general comments, presented to the trial court, do not comply with the arguments and authority he now urges on appeal. The motion to quash stated in pertinent part: "[s]aid indictment does not set out in plain and intelligent

language, an offense against the penal laws of the State of Texas. Consequently, This Court is without jurisdiction to try said offense." Before presenting the motion to the trial court, the following exchange occurred:

THE COURT: All right. There is a motion on file to quash the indictment and would you like to make any argument for the record on that?

DEFENSE COUNSEL: No, Judge. My motion just sets out that the Defendant alleges that the indictment does not state an offense against the laws of the State of Texas and, consequently, he moves that the Court does not have jurisdiction and asks the Court to quash the indictment.

In arguing that Clark has waived his complaints, the State focuses upon language in Clark's brief that concerns a jurisdictional attack on the indictment. Specifically, Clark cites article 21.02, section 5 of the Texas Code of Criminal Procedure which states, in reference to the requisites for indictments, that "[i]t must show that the place where the offense was committed is within the jurisdiction of the court in which the indictment is presented." TEX.CODE CRIM.PROC.ANN. art. 21.02(5) (Vernon 1989). While the gist of Clark's motion and related comments concerned whether the indictment set forth an offense in plain and intelligible language, we note that the motion also includes some conclusory words addressing the jurisdiction of the trial court. Consequently, we hold that the jurisdictional point of error was preserved for appellate review.

### A. Plain and Intelligible Language

 Before addressing Clark's jurisdictional argument, we note that the language used in the indictment tracks the language of the penal statute and has been specifically approved by the Court of Criminal Appeals. *Rincon v. State*, 615 S.W.2d 746, 747–48 (Tex.Crim.App. [Panel Op.] 1981). Furthermore, this Court has held that language such as that used in the indictment in the present cases survives any "plain and intelligible words" challenge as lodged by Clark. *Caro v. State*, 761 S.W.2d 488, 489–90 (Tex.App.—Dallas 1988, pet. ref'd). When reviewing the sufficiency of an indictment, the rule is that the indictment should charge an offense in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead any judgment in bar of further prosecution for the same offense. *Wilson v. State*, 520 S.W.2d 377, 379 (Tex.Crim.App.1975); *Gains v. State*, 501 S.W.2d 315, 317 (Tex. Crim.App.1973). Ordinarily, an indictment is sufficient if it charges an offense in terms of the statute. *Reynolds v. State*, 547 S.W.2d 590, 592 (Tex.Crim.App.1976); *Baldwin v. State*, 538 S.W.2d 109, 111 (Tex.Crim.App.1976). The indictment under which Clark was charged reads in pertinent part: "that one PHIL ALLEN CLARK ... in Johnson County, Indiana did then and there unlawfully knowingly and intentionally operate a motor-propelled vehicle, namely: a van, without the effective consent of GARY LUBBERS, the owner thereof and said van was originally reported stolen in Dallas County, State of Texas, ..." The unauthorized use of a vehicle statute reads as follows:

### § 31.07 Unauthorized Use of a Vehicle

(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

(b) An offense under this section is a felony of the third degree.

TEX.PENAL CODE ANN. § 31.07 (Vernon 1989). In interpreting this statute, this Court has stated that the elements of the offense are: (1) a person (2) intentionally or knowingly (3) operates an airplane, boat or motor-propelled vehicle (4) without the effective consent of the owner. *Williams v. State*, 767 S.W.2d 868, 870 (Tex.App.—Dallas 1989, pet. ref'd). Reading the indictment, together with the statute, in light of the *Rincon* and *Caro* decisions, we hold that the indictment stated an offense in plain and intelligible words, and therefore, the trial court properly overruled Clark's motion on this basis.

## B. Venue/Jurisdiction

The State argues that Clark's remaining complaints concern venue rather than jurisdictional objections. Thus, the State contends that since no venue objections were voiced in the trial court, Clark may not raise objections to venue for the first time on appeal. The applicable venue statute states that "[a]n offense of unauthorized use of a vehicle may be prosecuted in any county where the unauthorized use of the vehicle occurred or in the county in which the vehicle was originally reported stolen." TEX.CODE CRIM.PROC.ANN. art. 13.-23 (Vernon Supp.1990). The State is correct in its statement that most objections may not be presented to an appellate court without first raising them in the trial court. *Jones v. State*, 672 S.W.2d 798, 799–800 (Tex.Crim.App.1984); TEX.R.APP.P. 52(a). However, we do not view Clark's objections to be venue objections subject to waiver. We determine the motion to quash and Clark's arguments in his brief sound more in notice and jurisdictional complaints. We have already determined that Clark's notice objection is without merit, thus, we now address his jurisdictional objection.

Although venue and jurisdiction concern separate and distinct matters—the latter concerning the power of a court to hear and determine a case and the former addressing the place where a case may be tried—their distinctions often disappear with practical application. *See Ex parte Watson*, 601 S.W.2d 350, 351 (Tex.Crim. App.1980). In applying the venue statute applicable to the penal statute at issue, one appellate court has held that "[b]y authorizing venue in the county where the vehicle was originally reported ... the legislature presupposed subject-matter jurisdiction in the courts of that county in such cases." *Chambless v. State*, 776 S.W.2d 718, 721 (Tex.App.—Corpus Christi 1989, pet. ref'd). Another appellate court, in applying the same venue statute, has recently held that "[s]ince venue is a *jurisdictional* fact, not an element of the offense, it need not be established by the evidence beyond a reasonable doubt. Venue may be established by a preponderance of the evidence, whether circumstantial or direct." *Gon-*

*zales v. State*, 784 S.W.2d 140, 142 (Tex. App.—Austin 1990, no pet.) (citations omitted) (emphasis added). Additionally, the Texas Court of Criminal Appeals has instructed that indictments should be read *as a whole* in order to determine whether they are jurisdictionally sufficient to charge the intended offense. *Soto v. State*, 623 S.W.2d 938, 939 (Tex.Crim.App. [Panel Op.] 1981).

Gary Lubbers, the general sales manager for Preston Chrysler Plymouth, testified that the 1988 Dodge Caravan was stolen from the dealership which is located in Dallas County. The record reflects that Clark was indicted and tried in Dallas County. Consequently, *Chambless* would hold that because the requisites of article 13.23 of the Texas Code of Criminal Procedure were satisfied, jurisdiction was proper in the Dallas County court in which Clark was tried. Moreover, in interpreting article 13.23, the *Gonzales* court stated that the State may "allege venue in the county where the vehicle is originally reported stolen and prove unauthorized use in another county." *Gonzales*, 784 S.W.2d at 142. This is precisely what occurred in the present case. The State alleged and proved that the vehicle was stolen in Dallas County, and that the unauthorized use occurred in Johnson County, Indiana. Although the two counties involved in the instant case were not both Texas counties as in *Gonzales*, this factual distinction does not in any way detract from the import of *Gonzales*. Clark's points of error one and two are overruled, and the trial court's judgment is affirmed.

LAGARDE, Justice, concurring.

I agree with the result reached by the majority; however, I do not necessarily agree with its rationale.