Timothy LEE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 09–93–342 CR, 09–93–343 CR.

Court of Appeals of Texas,
Beaumont.

Submitted March 16, 1995.

Decided July 19, 1995.

---

Michael A. McDougal, Conroe, for appellant.

James A. Clark, Criminal Dist. Atty., Tyler, for State.

Before WALKER, C.J., and BURGESS and DRAUGHN,[1] JJ.

## OPINION

DRAUGHN, Justice (Assigned).

A jury convicted appellant, Timothy Lee, and his punishment was assessed at 20 years imprisonment for voluntary manslaughter and 10 years imprisonment with a $3,000.00 fine for attempted voluntary manslaughter. The appellant brings two points of error: (1) that the State failed to present sufficient evidence to prove venue, and (2) that the trial court committed reversible error by including, in the jury charge, an issue on "provoking the difficulty" as a limitation of the appellant's right of self defense. We affirm.

This case involved two charges arising out of a single incident on June 12, 1992, when appellant Timothy Lee and Annie Hadnot got into an argument outside Keller Industries. The argument took place on and around appellant's and Annie Hadnot's cars. Also present was Gerald Gilder, who Hadnot was giving a ride home. At some point, appellant threw Annie Hadnot to the ground and then shot her once. As Gerald Gilder attempted to flee the scene, appellant shot and killed him.

▮▮ In his first point of error, appellant submits there was insufficient evidence to support venue in Tyler County, Texas, where the case was tried, and this constituted reversible error. Appellant correctly asserts that a plea of not guilty puts allegations of

1. The Honorable Joe L. Draughn, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

venue at issue. The State must then prove that venue is proper in the county of prosecution. TEX.CODE CRIM.PROC. art. 13.17 (Vernon 1977); *Black v. State*, 645 S.W.2d 789, 790 (Tex.Crim.App.1983). The courts have expanded this basic rule. First, statutory and case law have stated that venue, in criminal cases, may be proven by a preponderance of the evidence. TEX.CODE CRIM.PROC.ANN. art. 13.17 (Vernon 1977); *Bruno v. State*, 812 S.W.2d 56, 58 (Tex.App.—Houston [14th Dist.] 1991) (affirmed without discussion of this issue, 845 S.W.2d 910 (Tex.Crim.App. 1993)). Second, proof of venue in criminal cases may be demonstrated by either direct or circumstantial evidence. *Black* at 790; *Sixta v. State*, 875 S.W.2d 17, 18 (Tex.App.— Houston [1st Dist.] 1994, pet. ref'd).

■ While the above cited rules concern determination of venue in trial courts, the review standards for the venue issue in appellate courts statutorily differs from that of the trial courts. As stated in *Cunningham v. State*, "[a] plea of "not guilty" does not make an issue of venue for purposes of avoiding the presumption in Rule 80(d)...." *Cunningham v. State*, 848 S.W.2d 898, 901 (Tex.App.—Corpus Christi 1993, pet. ref'd); TEX.R.APP.P. 80(d). Rule 80(d) reads as follows:

> **Presumptions in Criminal Cases.** The court of appeals shall presume that the venue was proved in the court below ... unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record.

Accordingly, appellate review is limited to determining (a) whether the issue of venue was raised in the trial court, and, if the venue issue was not brought to the trial court's attention, (b) whether it affirmatively appears from the record that the presumption of proper venue is inapplicable. After reviewing the record, we find no indication that the venue issue was raised in the trial court.

■ As to whether evidence in the record affirmatively appears to controvert the venue, we have carefully reviewed the extracted record portions presented by appellant and appellee. We conclude that the facts presented do not affirmatively rebut the presumption of venue. Appellant lists ten of the State's witnesses, and then states that none of them ever stated that Keller Industries was in Tyler County, nor did the appellant's witnesses so testify. However, appellee's record extractions include statements from several members of the Tyler County Sheriff's Department who state that they were Tyler County Sheriff's deputies and were involved with this incident. Further, a member of the Tyler County Sheriff's Department testified that he continued the investigation at the Tyler County Hospital, where the deceased was located after the shooting. Finally, a witness, who worked for the Tyler County Sheriff's Department, was present when appellant walked in, identified himself, asked the dispatcher if there was an arrest warrant for him, and was told by the dispatcher that there was such a warrant. This same Tyler Sheriff's Department employee then saw appellant booked into the jail.

■ While appellant lists statements that do not specifically set out a county for venue purposes, other portions of the record, extracted by the appellee, include specific references to work done by Tyler Deputies on the case as well as a Sheriff's Department employee who observed appellant's booking in the Tyler Sheriff's Department. We find that the portions of the record submitted by appellant do not affirmatively appear to defeat the presumption of Rule 80(d) as to venue in Tyler County, Texas. Further, this Court holds that the direct and circumstantial evidence submitted by both parties, proves by a preponderance of the evidence that the incident at issue occurred in Tyler County, Texas. Appellant's first point of error is overruled.

Appellant, in his second point of error, attacks the court's instruction on "provoking the difficulty," which was included in the charge at the State's request. He urges that there was no evidence to warrant the submission of this instruction, which is a limitation on his self-defense theory. Self-defense and the limitations thereon are included in Chapter 9 of the Penal Code, entitled "Justification Excluding Criminal Responsibility." TEX. PENAL CODE ANN. § 9.31 (Vernon 1994).

## § 9.31 Self-Defense

(a) Except as provided in Subsection (b), a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

(b) The use of force against another is not justified:

(4) if the actor provoked the other's use or attempted use of unlawful force. . . .

■ This "provocation" instruction is used to inform the jury that if they find that the defendant provoked the difficulty in order to have a pretext to kill or injure the victim, then the defendant forfeits his right of self-defense. *Semaire v. State*, 612 S.W.2d 528, 533 (Tex.Crim.App.1980) (dissenting opinion). A later Court of Criminal Appeals case stated the charge on "provoking the difficulty" was properly given if:

1. Self-defense is an issue;

2. There are facts in evidence which show that the victim/deceased made the first attack on the defendant; and

3. The defendant did some act or used some words intended to and calculated to bring on the difficulty in order to have a pretext for inflicting injury on the victim/deceased.

*Matthews v. State*, 708 S.W.2d 835, 837–38 (Tex.Crim.App.1986).

■ Our review is thus limited to determining whether any evidence exists which raises this issue. *Ramirez v. State*, 873 S.W.2d 757, 761 (Tex.App.—El Paso 1994, pet. ref'd), citing *Matthews* at 838. *See also Norwood v. State*, 135 Tex.Crim. 406, 120 S.W.2d 806 (1938).

■ We have reviewed evidence provided by appellee and find it supports the trial court's submission of the "provoking the difficulty" instruction. The record shows that appellant drove his car alongside Annie Hadnot's car, of which she was the driver and Gerald Gilder was a passenger. Annie Hadnot had started to pull her car out of the parking lot, but appellant told her to stop and pulled out a long gun and pointed it at her through the window. Annie told appellant she was taking Gerald home, and appellant responded that he was going to get in the car with her. He then pulled up behind her, and got into the back seat of her car. The argument continued until Annie Hadnot got out of her car, with a pistol. Appellant then taunted her, saying, "You got the gun, You might as well go on and kill me with it now. If you kill me, I'm going to kill you." Appellant then grabbed Annie Hadnot, who dropped the pistol she was holding. He then threw her to the ground. Gilder, who had exited from the car, tried to kick the gun out of the way. Appellant then shot Hadnot as she was kneeling on the ground. Gilder attempted to run away and was shot and killed by appellant.

We find, after review, that there was evidence to support the "provoking the difficulty" instruction. Appellant, by aiming a gun at Annie Hadnot and entering her car without permission and arguing with her about taking Gerald Gilder home, clearly brought on and provoked the difficulty which he used as a pretext to attack and shoot her. While it is true that Annie Hadnot reacted to this attack by getting out of her car with a gun, she obviously was the person threatened and not the responsible party who provoked this violent incident. We find the evidence fulfills the requirements of *Semaire v. State, supra,* and the inclusion of the "provocation" issue in the charge was justified.

We affirm the judgment of the trial court.

AFFIRMED.