CR6-521.JACKSON 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00521-CR







Darren Lee Jackson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 45,937, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







PER CURIAM


 A jury convicted appellant Darren Lee Jackson of robbery. See Tex. Penal Code Ann.
§ 29.02 (West 1994). The trial court assessed punishment at forty-five years imprisonment. By three
points of error, appellant contends that the trial court erred (1) when instructing the jury and (2) by denying
his motion for instructed verdict because the State failed to prove venue. We will affirm the judgment of
conviction.



BACKGROUND


 On September 25, 1995, Roy Clayton, a loss prevention officer for Wal-Mart, was
working the floor of the Killeen Wal-Mart. He and William Newby, another loss prevention officer,
noticed a man, whom Clayton identified at trial as appellant, with a large amount of clothing merchandise
in his shopping cart. The two officers continued to watch appellant as he went to the electronics
department and selected a telephone. Clayton and Newby watched appellant go to the luggage department
and place all of the clothes and the telephone in a large piece of luggage with a shoulder strap. Appellant
put the bag over his shoulder and, without hesitating, walked past the front check-out counters, through
the front door, and into the parking lot. Clayton followed appellant outside while Newby went to get
assistance. Clayton identified himself to appellant and told him to stop in the parking lot. As Clayton was
chasing appellant, Newby and Elvis Propest, a store employee, came from another part of the store, out
into the parking lot, and headed toward the front of the store. Appellant dropped the bag and ran a little
farther between the cars. Clayton described how appellant ran into Propest like a football player knocking
Propest to the ground. Propest tried to hold appellant. Newby approached appellant who was swinging
his fists trying to hit Propest and Newby. All three ended up on the ground in the parking lot. Eventually,
Clayton handcuffed appellant. Clayton explained that he took appellant to his office until Killeen police
officers came to pick up appellant. Newby and Propest testified to the same set of facts. Clayton
explained that he received several cuts and scrapes while trying to subdue appellant. Propest's clothes
were torn and he received several scrapes and a sore shoulder.



VENUE


 By his first point of error, appellant contends the trial court erred by not granting his motion
for instructed verdict because the State failed to prove that the robbery occurred in Bell County. 

 At the conclusion of the State's case-in-chief, appellant made an oral motion for instructed
verdict. Appellant contends on appeal that by making the motion for instructed verdict and alleging "the
State has failed to prove all of the elements or allegations in the indictment," that the State was placed on
notice that venue had not been proved. 

 When a defendant pleads "not guilty," allegations of venue are at issue and the State must
prove that venue is proper in the county of prosecution, in this instance Bell County. Tex. Code Crim.
Proc. Ann. art. 13.17 (West 1977); Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983); Lee
v. State, 903 S.W.2d 845, 847 (Tex. App.--Beaumont 1995, pet. ref'd). Since venue is a jurisdictional
fact, not an element of the offense, it need only be proved by a preponderance of the evidence. Tex. Code
Crim. Proc. Ann. 13.17 (West 1977); Gonzales v. State, 784 S.W.2d 140, 142 (Tex. App.--Austin
1990, no pet.) (citing Black, 645 S.W.2d at 790). Proof of venue in criminal cases may be by either direct
or circumstantial evidence. Black, 645 S.W.2d at 790; Lee, 903 S.W.2d at 847. Failure to prove venue
in the county of prosecution is reversible error. Sixta v. State, 875 S.W.2d 17, 18 (Tex. App.--Houston
[1st Dist.] 1994, pet. ref'd). 

 We presume venue was proven in the trial court unless it was made an issue in the trial
court, or the record otherwise affirmatively shows the contrary. Lee, 903 S.W.2d at 847; Tex. R. App.
P. 80(d). Therefore, appellate review is limited to determining whether the issue of venue was raised in the
trial court, and, if the issue was not brought to the trial court's attention, whether it affirmatively appears
from the record that the presumption of proper venue is inapplicable. Lee, 903 S.W.2d at 847. A
defendant's motion for instructed verdict that specifically challenges the proof of venue timely raises the
issue. Black, 645 S.W.2d at 790. Appellant moved for an instructed verdict. However, the motion
failed to specifically challenge the issue of venue, and we find no affirmative evidence in the record to the
contrary. The evidence showed that the offense occurred at the Killeen Wal-Mart located at 2002 Central
Texas Expressway in Killeen, Texas. A court may take judicial notice of an adjudicative fact that is:



[N]ot subject to reasonable dispute in that it is either (1) generally known within the
territorial jurisdiction of the trial court or (2) capable of accurate and ready determination
by resort to sources whose accuracy cannot reasonably be questioned.



Tex. R. Crim. Evid. 201(b). Additionally, judicial notice may be taken at any stage of a proceeding. Tex.
R. Crim. Evid. 201(f). This court may take judicial notice that Killeen is located in Bell County. See
Williams v. State, 924 S.W.2d 189, 192 (Tex. App.--Eastland 1996, pet. ref'd) (court judicially noticed
street in named city was located in particular county); Letson v. State, 805 S.W.2d 801 (Tex.
App.--Houston [14th Dist.] 1990, no pet.) (court took judicial notice Astrodome located in Houston). 
The preponderance of the evidence shows that the offense occurred in Bell County. We overrule point
of error one. 



JURY CHARGE


 By point of error two, appellant contends the trial court erred by denying his requested
instruction to the jury on theft as a lesser included offense. 

 Whether a charge on a lesser included offense was required is determined by a two-pronged test. First we determine whether the offense constitutes a lesser included offense. An offense is
a lesser included offense if it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged. Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981). 
Second, the lesser included offense must be raised by the evidence at trial. There must be some evidence
presented that would permit a rational jury to find that if guilty, the defendant is guilty only of the lesser
offense. Schweinle v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996). Anything more than a scintilla
of evidence from any source is sufficient to entitle a defendant to submission of the issue. Id. (citing Bignall
v. State, 887 S.W.2d 21 (Tex. Crim. App. 1994)). 

 A person commits robbery if, in the course of committing theft and with intent to obtain or
maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another
or places another in fear of imminent bodily injury. Tex. Penal Code Ann. § 29.02 (West 1994). Theft
can be a lesser included offense of robbery. Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App.
1994); Mendoza v. State, 923 S.W.2d 760, 762 (Tex. App.--Corpus Christi 1996, no pet.). The issue
therefore is whether anything more than a scintilla of evidence exists in the record that would permit a
rational jury to find that appellant is guilty only of theft.

 Appellant argues that because he dropped the bag containing the merchandise when
Clayton yelled at him, ran further, and the struggle with the Wal-Mart employees occurred about twenty
yards away from where he dropped the merchandise, he did not have the requisite intent to control the
property when he assaulted Propest. Appellant argues that this is some evidence that he abandoned the
completed theft when he gave up possession of the bag and its contents. At that point, he contends, he was
only trying to leave the parking lot and was blocked by the Wal-Mart employees. Appellant contends that
this evidence entitled him to a charge that included the lesser included offense of theft. 

 There is no requirement that appellant retain the intent to control property when the
assaultive act is committed; the required violence may occur after the offender has abandoned the theft and
is escaping. Lawton v. State, 913 S.W.2d 542, 552 (Tex. Crim. App. 1995) (citing White v. State, 671
S.W.2d 40, 42 (Tex. Crim. App. 1984), Ulloa v. State, 570 S.W.2d 954, 957 (Tex. Crim. App. 1978)
and Lightner v. State, 535 S.W.2d 176, 178 (Tex. Crim. App. 1976)). As appellant contends, the
assaultive conduct occurred as appellant was attempting to leave the parking lot. It is irrelevant that
appellant's control of the property had been thwarted and that he may have abandoned the theft at the time
of his assaultive conduct. Consequently, the evidence does not support appellant's contention that he was
guilty only of the lesser included offense of theft. A charge on the lesser included offense of theft was not
required. We overrule point of error two.

 By point of error three, appellant contends that the trial court reversibly erred by overruling
his objection and including in the jury charge the following instruction about the consequences of appellant's
failure to testify:



In a criminal case, the law permits the defendant to testify in his own behalf; but the same
law provides that his failure to testify shall not be considered as a circumstance against him. 
You will, therefore, not consider the failure of the defendant to testify as a circumstance
against him; and you will not in your retirement to consider your verdict allude to, comment
on, or in any manner refer to the fact that the defendant has not testified.



This instruction conforms to Texas Code of Criminal Procedure article 38.08. 

 Appellant contends that since he specifically requested that the court exclude the instruction
in the charge, inclusion of the instruction constituted a comment on the weight of the evidence and amounted
to an infringement of his privilege against self-incrimination. The instruction, even over objection, did not
violate appellant's constitutional privilege against self-incrimination. Rogers v. State, 486 S.W.2d 786, 788
(Tex. Crim. App. 1972); Lujan v. State, 626 S.W.2d 854, 863 (Tex. App.--San Antonio 1982, pet.
ref'd) (citing Lakeside v. Oregon, 435 U.S. 333 (1978)). Better practice, however, would dictate that,
if requested by a defendant, such an instruction should be omitted, and further, the record should reflect
that it was withdrawn at the defendant's request. Id. We overrule point of error three. 



CONCLUSION


 We affirm the judgment of conviction.


Before Justices Powers, Aboussie and Jones

Affirmed 

Filed: January 9, 1997

Do Not Publish



to obtain or
maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another
or places another in fear