NUMBER 13-06-00182-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CONNIE GOMEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 A trial court convicted appellant Connie Gomez of possession of cocaine. Tex.
Health & Safety Code Ann. § 481.115 (a), (b) (Vernon 2003); § 481.102 (3)(D)
(Vernon Supp. 2006). After finding Gomez had two prior state jail felony convictions,
the trial court sentenced her to six years in prison. In her sole issue on appeal, Gomez
contends that the State failed to prove venue. We affirm.


I. BACKGROUND


 The relevant facts are undisputed. On the evening in question, Troopers Steven
West and Kenneth Garza stopped a car for driving without headlights on at night. 
Gomez was a passenger in the stopped vehicle. According to Trooper West's
testimony, the traffic stop happened "on Leopard, just east of the intersection of
Leopard and S.P.I.D. or [N]orth Padre Island Drive. . . ." Upon approaching the vehicle,
Trooper Garza shined a flashlight inside and noticed a small glass pipe that he believed
was used as a crack pipe. The driver was placed in the backseat of the patrol car and
Trooper West questioned Gomez outside the car. 

 Gomez told Trooper West that she was taking the driver to her motel room to
sell him crack cocaine. Gomez then lead the troopers to a motel room which was
within walking distance from the traffic stop. Gomez had a key to the room and gave
the troopers access to it. They discovered paraphernalia and .09 grams of cocaine
inside the motel room. 

 The State indicted Gomez for possession of a controlled substance. It alleged
in the indictment that the crime occurred in Nueces County. A trial court found Gomez
guilty. This appeal ensued.

II. DISCUSSION

 Gomez frames her sole issue as a challenge to the sufficiency of the evidence
to sustain the conviction. However, venue is not a constituent element of the offense
charged. Skillern v. State, 890 S.W.2d 849, 860 (Tex. App.-Austin 1994, pet. ref'd);
see also Henley v. State, 98 S.W.3d 732, 734 (Tex. App.-Waco 2003, pet. ref'd). 
Venue must be proven only by a preponderance of the evidence. See Tex. Code Crim.
Proc. Ann. art. 13.17 (Vernon 2005); Banks v. State, 530 S.W.2d 940, 943 (Tex.
Crim. App. 1975); Gonzales v. State, 784 S.W.2d 140, 142 (Tex. App.-Austin 1990,
no pet.). The failure of proof of venue by the prosecution does not negate the guilt
of the accused. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981).
Moreover, it is presumed that venue was proven at trial unless disputed or if the record
affirmatively shows the contrary. See Tex. R. App. P. 44.2(c)(1). 

 In the instant case, Gomez did not challenge venue before the trial court. A
review of the record does not affirmatively negate the State's allegation that the crime
occurred in Nueces County. To the contrary, Gomez's own testimony suggests that
the crime occurred in Nueces County. She testified that she was from Corpus Christi,
registered at Del Mar College, and that three of her children live in Corpus Christi while
the other three live in Houston. Therefore, we cannot find any evidence in the record
affirmatively negating the venue allegations made by the State.

 We overrule Gomez's sole issue.

III. CONCLUSION

 The judgment of the trial court is affirmed. 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 2nd day of August, 2007.