Everett D. HENLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–01–389–CR.

Court of Appeals of Texas,
Waco.

Jan. 15, 2003.

Jon A. Jaworski, Attorney at Law, Houston, for Appellant.

Ray Montgomery, Leon County Dist. Atty., Whitney T. Smith, Leon County Asst. Dist. Atty., Centerville, for State.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

While lineman Jeff Brown of the Houston County Electric Co-op was reconnecting electricity service to Everett Dee Henley's residence, Henley confronted him, became hostile, and threatened, according to Brown, to "go up there at the co-op the next morning to shoot—shoot everybody and which one did he need to start with." Henley paid Brown the reconnection fee with a check; in the memo line on the check was written "getting f—ed again." This was not the first time Henley's service had been disconnected due to late or non-payment for electricity service.

Brown reported the threat, and eventually Henley was indicted under subsection "(a)(4)" of the "Terroristic Threat" statute:

(a) A person commits an offense if he threatens to commit any offense involv-

ing violence to any person or property with intent to:

(1) cause a reaction of any type to his threat by an official or volunteer agency organized to deal with emergencies;

(2) place any person in fear of imminent serious bodily injury; or

(3) prevent or interrupt the occupation or use of a building; room; place of assembly; place to which the public has access; place of employment or occupation; aircraft, automobile, or other form of conveyance; or other public place; or

(4) cause impairment or interruption of public communications, public transportation, public water, gas, or power supply or other public service.

TEX. PEN.CODE ANN. § 22.07 (Vernon 1994). A conviction under subdivisions (1) and (2) is a Class B misdemeanor; a conviction under subdivision (3) is a Class A misdemeanor; a conviction under subdivision (4) is a third-degree felony. *Id.* § 22.07(b) (Vernon 1994). A jury convicted him, and the court placed him on two years' community supervision.

Henley complains that: (1) the evidence is legally insufficient to prove venue; (2) the evidence is legally and factually insufficient to prove "intent"; and (3) the court erred in not charging the jury with a lesser-included offense under subsection "(a)(2)."

We will reverse the judgment on issue two.

*Issue 1*

■   Henley complains that the evidence is legally insufficient to support a finding that the offense occurred in Leon County as alleged in the indictment and charged to the jury.

■   Generally, venue for a criminal prosecution is in the county in which the offense was committed. TEX.CODE CRIM. PROC. ANN. art. 13.18 (Vernon 1977); exceptions *id.* cht. 13. Facts showing venue should be pled in the indictment or information. *Id.* arts. 21.02(5), 21.21(5); *see Black v. State,* 645 S.W.2d 789, 790 (Tex. Crim.App.1983); *cf.* art. 13.17 (the charging instrument "may allege that the offense was committed in the county where the prosecution was carried on"). Venue is not an element of the offense. *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Crim. App.1981). Nevertheless, a plea of not guilty makes venue an issue which the State must prove, and the defendant need not make a special plea. *Black,* 645 S.W.2d at 790. However, if the defendant does not dispute venue at trial, the appellate court must presume that venue was proven in the trial court, unless the record affirmatively shows the contrary. TEX. R.APP. P. 44.2(c)(1); *Fairfield,* 610 S.W.2d at 779 (venue is waived by failure to raise it as an issue in the trial court); *Cunningham v. State,* 848 S.W.2d 898, 901 (Tex. App.-Corpus Christi 1993, pet. ref'd). If the presumption holds, the State need not prove venue. *Holdridge v. State,* 707 S.W.2d 18, 20–21 (Tex.Crim.App.1986). But if the presumption fails, failure by the State to prove venue is reversible error. *Black,* 645 S.W.2d at 791; *Fairfield,* 610 S.W.2d at 779; *Couchman v. State,* 3 S.W.3d 155, 161 (Tex.App.-Fort Worth 1999, no pet.); *Cunningham,* 848 S.W.2d at 901–02.

The record does not show that Henley raised venue as an issue at trial, nor does it affirmatively show that venue was not in the county. TEX.R.APP. P. 44.2(c)(1). Therefore, we presume venue was proven. *Id.* We overrule this issue.

*Issue 2*

Henley next complains that the evidence is legally and factually insufficient to sup-

port a finding that he intended to cause impairment or interruption of the public power supply. By the express wording of the statute, absent a specific intent to impair or interrupt the public power supply, his threat cannot be a violation of section 22.07(a)(4). Subsection "(a)(4)" was added to the statute in 1979. Since then, no cases have addressed it. But the "intent" language in "(a)" refers to all four ways in which a terroristic threat may be made. Therefore, cases on "intent" pertaining to subsections "(a)(1–3)" are instructive.

■ In *Dues v. State*, a subsection "(a)(2)" case, the court applied "intent" to the objective of the threat, *i.e.*, Dues had to have intended by his threat to "place any person in fear of imminent serious bodily injury." *Dues v. State*, 634 S.W.2d 304, 305 (Tex.Crim.App.1982); *see also Bryant v. State*, 905 S.W.2d 457, 458–59 (Tex.App.-Waco 1995, pet. ref'd) ("(a)(2)" case on "imminent" injury). The Court said a person acts with "intent" when it is his conscious objective or desire to engage in the conduct or cause the result. *Dues*, 634 S.W.2d at 305 (citing TEX. PEN.CODE ANN. § 6.03(a) (Vernon 1994)); *see also Cook v. State*, 940 S.W.2d 344, 347 (Tex. App.-Amarillo 1997, pet. ref'd) ("(a)(2)" case on "imminent" injury). Whether the victim thought himself endangered, or whether the defendant had the capability or the intention of carrying out the threat, are facts not necessary to showing the defendant's "intent." *Dues*, 634 S.W.2d at 305; *Cook*, 940 S.W.2d at 347.

■■ "Intent" is a fact issue which is usually established by circumstantial evidence and inferred from the acts, words, and conduct of the accused. *E.g., Moore v. State*, 969 S.W.2d 4, 10 (Tex.Crim.App. 1998); *Slomba v. State*, 997 S.W.2d 781, 783 (Tex.App.-Texarkana 1999, pet. ref'd); *Fitts v. State*, 982 S.W.2d 175, 188 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd);

*Cook*, 940 S.W.2d at 347. Also, in a terroristic threat case, eliciting the desired reaction from the victim is some evidence of the defendant's "intent." *In re C.S.*, 79 S.W.3d 619, 623 (Tex.App.-Texarkana 2002, no pet.); *In re A.C.*, 48 S.W.3d 899, 904 (Tex.App.-Fort Worth 2001, pet. denied); *Hadnot v. State*, 884 S.W.2d 922, 925–26 (Tex.App.-Beaumont 1994, no pet.).

Applied here, if it was Henley's conscious objective or desire to, by his threat, cause impairment or interruption of the public power supply, then he had the requisite "intent."

*Legal Sufficiency:*

■ In reviewing a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Burden v. State*, 55 S.W.3d 608, 612 (Tex.Crim.App.2001); *Lane v. State*, 933 S.W.2d 504, 507 (Tex.Crim.App. 1996) (citing due process standard from *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We consider all the evidence, both direct and circumstantial, including evidence improperly admitted. *Logan v. State*, 48 S.W.3d 296, 299 (Tex.App.-Texarkana 2001, no pet.) (citing *Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App.1993)). The judgment may not be reversed unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846–47 (Tex.Crim.App.1991) (citing *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988)); *In re A.C.*, 48 S.W.3d 899, 904 (Tex.App.-Fort Worth 2001, pet. denied).

This is a circumstantial-evidence case. Therefore, we look to Henley's acts, words, and conduct for evidence of his "intent." *E.g., Moore*, 969 S.W.2d at 10. Also, elicit-

ing the desired reaction from the victim is some evidence of the defendant's "intent." *E.g., In re C.S.,* 79 S.W.3d at 623.

It was undisputed that Henley made the threat, which, by its express wording, is unambiguous in its meaning that he would kill everyone who worked at the Co-op. In addition, the State refers us to evidence that the Co-op immediately reported the incident to the Sheriff's Department and, by the next morning, had hired an off-duty peace officer to be on-premises for protection until Henley was arrested. This reaction shows that the threat was taken seriously. Based on all the evidence viewed in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Henley intended to impair or interrupt the operation of the Co-op. *Burden,* 55 S.W.3d at 612.

We overrule Henley's legal-insufficiency complaint.

*Factual Sufficiency*

In reviewing a challenge to the factual sufficiency of the evidence, we begin with the assumption that the evidence is legally sufficient. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). We must view all the evidence without the prism of the "in the light most favorable to the prosecution" construct. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). We ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App. 2000); *see also Goodman v. State,* 66 S.W.3d 283, 285 (Tex.Crim.App.2001).

We must also remain cognizant of the factfinder's role and unique position— one that the reviewing court is unable to occupy. *Johnson,* 23 S.W.3d at 9. The jury determines the credibility of the witnesses and may "believe all, some, or none of the testimony." *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim.App.1991). It is the jury that accepts or rejects reasonably equal competing theories of a case. *Goodman,* 66 S.W.3d at 287. A decision is not manifestly unjust as to the accused merely because the factfinder resolved conflicting views of evidence in favor of the State. *Cain v. State,* 958 S.W.2d 404, 410 (Tex.Crim.App.1997).

While eliciting the desired reaction from the victim is some evidence of the defendant's "intent," that cannot be proven only by what the victim thought or how the victim reacted. *In re C.S.,* 79 S.W.3d at 623; *Dues,* 634 S.W.2d at 305; *Cook,* 940 S.W.2d at 347. Although the Co-op took some action the next morning, Brown did not feel enough in danger at the time of the threat to call the police (although he did inform his supervisor) or to forego completing paperwork on the premises before leaving. Also, although if Henley had carried out the threat, services obviously would have been disrupted, there was no evidence that the Co-op's providing of services was impaired or interrupted. In addition, Henley did not testify, and so his credibility, or lack thereof, is not at issue. Thus, the factual sufficiency of the evidence of Henley's "intent" to cause impairment or interruption of the power supply must be based primarily on the fact that he made a threat to Brown to kill Co-op employees the next morning.

The evidence showed that Henley took no action on the threat, and, although there had been one other verbal altercation between him and an employee of the Co-op, no physical incidents or other

threats had ever occurred. Also, Henley had written "remarks" on the memo lines of other checks, but his wife testified that these were his attempts at humor. In addition, the threat was made only to Brown, not, *e.g.*, called in to the Co-op. Furthermore, the threat was made at 10:00 p.m. and so was not a threat on which any immediate action could have been taken by Henley. Accordingly, we find that the evidence that Henley, by his threat, intended to impair or interrupt the public power service, as opposed to merely venting his immediate anger to Brown, is so weak that confidence in the jury's determination of "intent" is undermined. *Johnson*, 23 S.W.3d at 11. Therefore, the evidence was factually insufficient.

We sustain this issue.

### Issue 3

Lastly, Henley complains that the trial court erred by refusing to submit to the jury the lesser-included offense of assault. But we do not address this issue because of our resolution of his sufficiency-of-the-evidence issue and because the evidence at a retrial may or may not justify submission of a lesser-included offense.

### Conclusion

The evidence of Henley's "intent" to impair or interrupt the public power supply is factually insufficient. We reverse the judgment and remand the cause for further proceedings.

Justice GRAY dissenting.

TOM GRAY, Justice, dissenting.

I agree with the disposition of Henley's first issue. I disagree, however, that the topic of "presumed venue" needs to be discussed at all. Venue was proved by the State by the following colloquy:

> Q: Mr. Brown, for the purposes of these charges, where did these charges occur?

> A: Leon County.

The majority's discussion is unnecessary.

I also agree with the majority's disposition of the legal sufficiency portion of Henley's first issue. I disagree, however, with its disposition of the factual sufficiency portion. The majority correctly asserts that there are no cases addressing subsection a(4) of section 22.07 and, for the most part, correctly sets out the law established from cases interpreting the other subsections of 22.07.

When the majority begins its analysis under factual sufficiency, however, it misstates the law and then misapplies the facts to the law. The majority states, "While eliciting the desired reaction from the victim is some evidence of the defendant's 'intent,' that cannot be proven only by what the victim thought or how the victim reacted." The opinion then cites three cases to support its statement. Only the opinion in *Dues* makes a statement similar to what the majority proposes. But, if you look at the context in which the statement was made in *Dues*, you would understand that it was not meant to be used as the majority interpreted: that because Brown did not feel enough in danger to immediately call the police or leave before completing paperwork, or that because no services were interrupted, or that because Henley took no action on the threat the evidence was factually insufficient to support the verdict. This is what the Court in *Dues* actually stated:

> Therefore, in order to commit this offense the accused must have the specific intent to place any person in fear of imminent serious bodily injury. A person acts with intent with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. (citation omitted).

Intent can be inferred from the acts, words, and conduct of the accused. (citations omitted). However, the accused's intent cannot be determined merely from what the victim thought at the time of the offense. Indeed, for this offense to be completed it is not necessary that the victim or anyone else was actually placed in fear of imminent serious bodily injury. Additionally, it is immaterial to the offense whether the accused had the capability or the intention to carry out his threat. (citations omitted). All that is necessary to complete the offense is that the accused by his threat sought as a desired reaction to place a person in fear of imminent serious bodily injury. (citations omitted).

*Dues v. State,* 634 S.W.2d 304, 305 (Tex. Crim.App.1982). The majority uses exactly what *Dues* said was immaterial to find factually insufficient evidence.

The case we need to be using as a pattern for this case is one from Texarkana. *See In re C.S.,* 79 S.W.3d 619 (Tex. App.-Texarkana 2002, no pet.). It interprets another subsection of the Penal Code that penalizes the interruption of the use or occupancy of a building. TEX. PENAL CODE § 22.07(a)(3) (Vernon 1994). In *C.S.,* the appellant was angry because he did not want to be placed in on-campus suspension. He then threatened to blow up the school. The court in *C.S.* determined the sufficiency of the evidence of C.S.'s intent from the inferences properly drawn from his words and from the circumstances surrounding their utterance. It then stated,

> The fact that he was angry and did not want to be placed in on-campus suspension indicates that he made the statement, not intending to actually do the act, but in order to scare the school officials who heard it and disrupt or interrupt their use of the school facilities, thereby frustrating their plan to immediately place him in on-campus suspension again.... That is the exact kind of threat the statute is designed to punish. Again, we must remember that it is not necessary that the threat have the desired effect on the hearers; it is only necessary that the threat be made with the intent that it have that effect.

*In re C.S.,* 79 S.W.3d at 624.

Thus, it doesn't matter that the Co-op's services were not actually impaired or interrupted. It doesn't matter that Henley took no action on the threat or that he had not ever had a physical confrontation with employees of the Co-op. It doesn't matter that Brown, by his actions, did not appear to be afraid.

What matters is that Brown called the dispatcher to notify the company of the threat.

What matters is that upon discovery of the threat the next morning, the Co-op opened its doors with a police officer stationed at the office for the entire day.

What matters is that Henley had had a previous verbal altercation with another Co-op employee.

What matters is that Henley frequently wrote vulgar remarks on the memo line of the checks he wrote to the Co-op.

What matters is that Henley frequently did not pay his electrical bill and his services would be cut off.

These are the things that matter. Can intent be inferred sufficiently from this evidence? It sure can. Is this evidence so weak that it undermines confidence in the jury's determination of intent? It is certainly not.

Thus, because the evidence is factually sufficient to support the verdict, and the

majority determines otherwise, I respectfully dissent.