IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00233-CR

No. 10-06-00234-CR

 

Donnie Earl Witt,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court Nos. 2004-637-C and
2006-294-C

 



Opinion



 








            In a consolidated trial, a jury
convicted Donnie Earl Witt of eleven counts of possession of child pornography
and a single charge of aggravated sexual assault of a child.  Witt pleaded
“true” to enhancement allegations, and the jury assessed his punishment at sixty
years’ imprisonment for eight of the child pornography convictions, eighty
years’ imprisonment for the remaining three child pornography convictions, and
life imprisonment for the aggravated sexual assault conviction.

            In appellate cause no. 10-06-00233-CR
(trial court cause no. 2004-637-C), Witt contends in two issues that: (1) the
evidence is legally and factually insufficient to sustain the child pornography
convictions because the State did not specify which of the photographs admitted
in evidence applied to which of the eleven counts in the indictment; and (2)
the charge is erroneous because it failed to “link” any particular photograph
to any particular count of the indictment.  In appellate cause no. 10-06-00234-CR
(trial court cause no. 2006-294-C), Witt contends in his sole issue that the
State failed to prove venue.  We will affirm the convictions in both cases.

Background

            DPS Trooper David Murphy pulled over
the Cadillac that Witt was driving for a traffic violation on Interstate 35
just north of Waco.  As Trooper Murphy got out of the patrol car, Witt drove
away.  Murphy pursued Witt for over thirty miles at speeds of as much as 120
miles per hour.  Near the end of the pursuit, Murphy observed Witt change
places with the front seat passenger.  The Cadillac began losing oil (which
sprayed on the patrol car) and it eventually pulled to the side of the
interstate near Itasca.

            The occupants of the Cadillac were
ordered to exit the car one at a time.  The mother of the complainant K.L. was
the driver.  Witt exited from the front passenger seat, and K.L. exited from
the back seat.  K.L. was fourteen years old at that time.  During an inventory
search, Murphy recovered about ninety Polaroid photographs depicting Witt, K.L.,
or both.  Seventeen of the photographs depict K.L. in the nude.  It was later
determined that K.L. was pregnant with twins fathered by Witt.

            Witt was convicted of evading arrest
or detention in a motor vehicle, endangering a child, and fleeing the scene of
an accident in Hill County.  He was convicted in federal court for production
of child pornography.  K.L.’s mother was convicted in federal court of aiding
and abetting in the possession of child pornography.

Legal and Factual Sufficiency

            Witt contends in his first issue in
appellate cause no. 10-06-00233-CR that the evidence is legally and factually
insufficient to sustain the child pornography convictions because the State did
not specify which of the photographs admitted in evidence applied to which of
the eleven counts in the indictment.

            In reviewing a claim of legal
insufficiency, we view all of the evidence in a light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential element beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sells v.
State, 121 S.W.3d 748, 753-54 (Tex. Crim. App. 2003).

            In a factual insufficiency review, we
ask whether a neutral review of all the evidence, though legally sufficient, demonstrates
either that the proof of guilt is so weak or that conflicting evidence is so
strong as to render the factfinder’s verdict clearly wrong and manifestly
unjust.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

            The first eight counts of the
indictment allege that Witt possessed photographs of K.L. engaging in sexual
conduct by the “actual or simulated lewd exhibition of any portion of the
female breast below the top of the areola.”  See Tex. Pen. Code Ann. § 43.25(a)(2) (Vernon Supp. 2006), § 43.26(a)(1)
(Vernon 2003).  There are at least eight photographs in the reporter’s record
which meet this definition.[1]  The
remaining three counts allege that Witt possessed photographs of K.L. engaging
in sexual conduct by the “actual or simulated lewd exhibition of the
genitals.”  Id.  There are at least four other photographs in the
reporter’s record which meet this definition.[2]

            Each item of child pornography found
in Witt’s possession constitutes a separate offense for which he may be prosecuted. 
See Vineyard v. State, 958 S.W.2d 834, 838 (Tex. Crim. App. 1998); Roise
v. State, 7 S.W.3d 225, 232 (Tex. App.—Austin 1999, pet. ref’d).  Under the
indictment, the photographs must depict the “actual or simulated lewd
exhibition” of K.L.’s breast or genitals.  Witt argues that, because the
photographs were not individually labeled to correspond to the counts in the
indictment, he could not “defend against each count regarding ‘lewdness.’”  We
disagree.

            We can readily determine that there
are at least eight different photographs in the record which support the
verdicts on the first eight counts and at least four other photographs which
support the verdicts on the remaining three counts.  At trial, Witt argued
generally that he did not consider any of the photographs to be lewd,[3]
but he did not challenge the “lewdness” of any particular photograph admitted
in evidence.  Nor does he do so on appeal.

            Viewing all the evidence in the light
most favorable to the verdict, we hold that a rational trier of fact could have
found beyond a reasonable doubt that Witt possessed eleven items of child
pornography as alleged, regardless of whether the photographs admitted in
evidence were made to correspond in some fashion to the counts of the
indictment.

            Witt’s factual sufficiency complaint
likewise focuses on the State’s failure to make the photographs admitted in
evidence correspond to the counts of the indictment.  We have already
determined that the evidence is legally sufficient to support these
contentions.  The absence of any direct correlation between the photographs
admitted in evidence and the counts of the indictment does not render the
jury’s verdict “clearly wrong and manifestly unjust.  See Watson, 204
S.W.3d. at 414-15.

            Therefore, the evidence is legally and
factually sufficient.  We overrule Witt’s first issue.

Jury Charge

            Witt contends in his second issue in
appellate cause no. 10-06-00233-CR that the guilt-innocence charge is erroneous
because it failed to “link” any particular photograph to any particular count
of the indictment.  He again argues that this alleged “error” deprived him of
the ability to challenge the “lewdness” of any particular photograph.

            Witt did not raise this objection at
trial.  Therefore, he must establish that: (1) the charge is erroneous as
alleged; and (2) this error caused him to suffer egregious harm.  Ex parte
Smith, 185 S.W.3d 455, 464 (Tex. Crim. App. 2006); Hanson v. State,
180 S.W.3d 726, 728 (Tex. App.—Waco 2005, no pet.).

            We have already determined that the
evidence is legally and factually sufficient to support the convictions despite
the absence of any direct correlation between the photographs admitted in
evidence and the counts of the indictment.  If, for example, Witt were charged
with the possession of more than one stolen automobile, the indictment and
charge would presumably provide sufficient identifying information to
differentiate between the automobiles (e.g., make and model and/or
vehicle identification number), and the State’s evidence would presumably
include this identifying information.

            Here, such specificity is not
required.  Rather, we hold that when an indictment charges a defendant with
multiple counts of possession of child pornography, the jury charge need not
identify any particular photograph admitted in evidence and connect the
photograph to any particular count of the indictment.[4]

            Therefore, we overrule Witt’s second
issue.

Venue

            Witt contends in his sole issue in
appellate cause no. 10-06-00234-CR that the State failed to prove venue on the
allegation that he sexually assaulted K.L.  Witt challenged venue both in a
pretrial motion and at trial.  The State responded that venue was proper under
articles 13.01, 13.15, and 13.19 of the Code of Criminal Procedure.  The jury
was charged on all three of these venue provisions.

            The parties made a written
“Stipulation of Evidence for Venue Hearing” which was offered and admitted
during a pretrial hearing on Witt’s motion for change of venue (which the court
denied).  Among the pertinent stipulations regarding venue were the following:

·                   
Witt “began having sexual
intercourse” with K.L. in Oklahoma City, Oklahoma when she was thirteen;

 

·                   
Witt, K.L., and her mother
left Oklahoma City in the fall of 2003, when they were about to be evicted;

 

·                   
they “spent time” in Corpus
Christi, Nueces County, Texas; Austin, Travis County, Texas; San Antonio, Bexar
County, Texas; Fort Worth, Tarrant County, Texas; Albuquerque, Bernalillo
County, New Mexico; Phoenix, Maricopa County, Arizona; Cleveland County,
Oklahoma; and Oklahoma County, Oklahoma until Witt’s arrest in March 2004;

 

·                   
Witt and K.L. “continued to
engage in sexual intercourse” when they stayed at these locations; and

 

·                   
Witt and K.L. “did not,
however, ever have sexual intercourse in McLennan County, Texas.”

 

The testimony at trial largely corresponded to
these stipulated “venue facts.”  However, K.L. also testified that Witt and she
engaged in sexual intercourse at several rest areas in Texas.  She does not
know what counties those rest areas were located in.

            Venue is not an element of the
offense.  Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981); State v. Blankenship, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref’d); Henley v. State, 98 S.W.3d 732, 734 (Tex.
App.—Waco 2003, pet. ref’d).  Thus, it need be proved by only a preponderance
of the evidence.  See Tex. Code
Crim. Proc. Ann. art. 13.17 (Vernon 2005); Murphy v. State, 112
S.W.3d 592, 604 (Tex. Crim. App. 2003); Fairfield, 610 S.W.2d at 779; Blankenship,
170 S.W.3d at 681; Sudds v. State, 140 S.W.3d 813, 816 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  An appellate court must presume that venue
was proved unless it was challenged in the trial court or the record
affirmatively shows the contrary.  Tex.
R. App. P. 44.2(c)(1); Hernandez v. State, 198 S.W.3d 257, 268 (Tex. App.—San Antonio 2006, pet. ref’d); Blankenship, 170 S.W.3d at 681; Henley, 98 S.W.3d at 734.

            In reviewing a challenge to proof of
venue, we apply a modified version of the familiar Jackson v. Virginia
standard for legal sufficiency.[5] 
Thus, we view all the evidence in the light most favorable to an affirmative
venue finding and ask whether any rational trier of fact could have found by a
preponderance of the evidence that venue was proved.  See Duvall v. State,
189 S.W.3d 828, 830 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d); Vanschoyck
v. State, 189 S.W.3d 333, 336 (Tex. App.—Texarkana 2006, pet. ref’d); Lemoine
v. State, 85 S.W.3d 385, 387 (Tex. App.—Corpus Christi 2002, pet. ref’d).  But
see Sudds, 140 S.W.3d at 816 (venue will be upheld “if from the evidence
the jury may reasonably conclude that the offense was committed in the county
alleged” (quoting Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964))).  Venue will be upheld if the record contains sufficient evidence to
support an affirmative finding under any of the alternative venue provisions on
which the jury was charged.  Murphy, 112 S.W.3d at 605.

            The State argues that venue is proper
under article 13.19, which provides:

            If an offense has been committed
within the state and it cannot readily be determined within which county or
counties the commission took place, trial may be held in the county in which
the defendant resides, in the county in which he is apprehended, or in the county
to which he is extradited.

 

Tex. Code Crim. Proc.
Ann. art. 13.19 (Vernon 2005).

            The parties stipulated before trial
and K.L. testified that Witt sexually assaulted K.L. in several specific Texas counties other than McLennan County.  K.L. also testified that he sexually assaulted her
at several rest stops in Texas and that she does not know what counties those
rest stops were located in.  Thus, the record contains evidence that Witt
sexually assaulted K.L. in several known Texas counties other than McLennan County and in several unknown Texas counties.  Under these circumstances, article
13.19 applies.  See Murphy, 112 S.W.3d at 605; Hood v. State, 638
S.W.2d 622, 623-24 (Tex. App.—Dallas 1982, no pet.).

            Witt was apprehended in Hill County and subsequently “extradited” to McLennan County to face pending state and federal
court charges.[6] 
Viewed in a light most favorable to an affirmative venue finding, a rational
trier of fact could have found by a preponderance of the evidence that venue
was proper in McLennan County because Witt sexually assaulted K.L. in unknown Texas counties and because he was extradited to McLennan County.  Thus, we overrule Witt’s
sole issue in appellate cause no. 10-06-234-CR.

Having overruled the issues presented, we affirm
Witt’s convictions in both cases.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment without a separate opinion)

(Justice
Vance dissents in part with a note)*

Affirmed

Opinion delivered and
filed September 5, 2007

Publish

[CRPM] 

 

*(I
join the opinion with respect to Cause No. 10-06-00233-CR.  Because I believe
that the State failed to prove venue of the aggravated sexual assault charge, I
would reverse the judgment in Cause No. 10-06-00234-CR and render a judgment of
acquittal.  See Jones v. State, 979 S.W.3d 652, 659 (Tex. Crim. App.
1998) (affirming judgment of acquittal on appeal); Lemoine v. State, 85
S.W.3d 385, 387 (Tex. App.—Corpus Christi 2002, pet. ref’d).  But see
Thompson v. State, 2006 WL 3535072, at *6-7 (Tex. App.—Tyler Dec. 20, 2006,
no pet. h.) (non-constitutional harm analysis applied to failure to prove
venue); State v. Blankenship, 170 S.W.3d 676, 682-83 (Tex. App.—Austin
2005, pet. ref’d) (same).  Because Witt objected to venue in the trial court
but the majority also affirms that cause, I dissent.)









[1]
              State’s Exhibits Nos. 9F
(bottom photograph), 9G (both photographs), 9H (both photographs), 9I (top
photograph), and 9J (both photographs).

 





[2]
              State’s Exhibits Nos. 9I (bottom
photograph), 9L (both photographs), and 9M (sole photograph).

 





[3]
              Witt’s counsel paraphrased
Witt’s own testimony in closing argument as follows, “We were taking pictures. 
We’re all running around naked half the time and I just took pictures.  But I didn’t
think those pictures were lewd.”





[4]
              Of course, no photograph can
support more than one count.  See Vineyard v. State, 958 S.W.2d 834, 838
(Tex. Crim. App. 1998); Roise v. State, 7 S.W.3d 225, 232 (Tex. App.—Austin 1999, pet. ref’d).





[5]
              See Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979).               





[6]
              “Extradition” is customarily
understood as the interstate or international transfer of an alleged criminal
to face charges in the receiving jurisdiction.  See Black’s Law Dictionary 623 (8th ed.
2004) (defining “extradition” in pertinent part as “[t]he official surrender of
an alleged criminal by one state or nation to another having jurisdiction over
the crime charged”); see also Tex.
Code Crim. Proc. Ann. ch. 51 (Vernon 2006) (providing for interstate
extradition of fugitives from justice).  As used in article 13.19 however, the
term necessarily refers to the transfer of alleged criminals from one Texas county to another.  See Black’s Law
Dictionary 623 (defining “extradite” in pertinent part as the “surrender
or deliver[y of] (a fugitive) to another jurisdiction”).