

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00325-CR
### No. 10-09-00326-CR

**DAVID SEGOVIA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court Nos. 08-01596-CRF-85 and 08-02618-CRF-85

## MEMORANDUM OPINION

After two indictments charged David Segovia with aggravated robbery, a jury found him guilty on both charges and assessed punishment at forty years in prison and a $2,500 fine in each case. The trial court ordered the sentences to be served concurrently. Segovia appeals from both judgments, filing a joint brief that asserts five issues. We will affirm.

On the evening of December 13, 2007, the apparently same person committed back-to-back armed robberies of two Handi-Stop convenience stores in Bryan within an

hour of each other. Both robbery victims said that the robber "clicked" his gun and pointed it at them in the robberies. About six months later, one of the stores' cashiers identified Segovia in a police photo line-up as the robber. At trial, the cashier identified Segovia as the robber, and the manager of the other store testified that Segovia looked like the robber, but she could not positively identify him. The robberies were recorded by the stores' security cameras, and two other witnesses who were familiar with Segovia identified him in each robbery videotape.

In his first two issues, Segovia challenges the legal and factual sufficiency of the evidence on venue. He asserts that the evidence is insufficient to prove that the offenses occurred in Texas or that Brazos County is in Texas because no witness testified that Brazos County is in Texas. The State first responds that Segovia's venue complaint is waived because the presumption that venue was proved applies. *See* TEX. R. APP. P. 44.2(c)(1); *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981).

> Venue is not an element of the offense. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981); *State v. Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd); *Henley v. State*, 98 S.W.3d 732, 734 (Tex. App.—Waco 2003, pet. ref'd). Thus, it need be proved by only a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 13.17 (Vernon 2005); *Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003); *Fairfield*, 610 S.W.2d at 779; *Blankenship*, 170 S.W.3d at 681; *Sudds v. State*, 140 S.W.3d 813, 816 (Tex. App.—Houston [14th Dist.] 2004, no pet.). An appellate court must presume that venue was proved unless it was challenged in the trial court or the record affirmatively shows the contrary. TEX. R. APP. P. 44.2(c)(1); *Hernandez v. State*, 198 S.W.3d 257, 268 (Tex. App.—San Antonio 2006, pet. ref'd); *Blankenship*, 170 S.W.3d at 681; *Henley*, 98 S.W.3d at 734.

*Witt v. State,* 237 S.W.3d 394, 399 (Tex. App.—Waco 2007, pet. ref'd).

Segovia did not dispute venue in the trial court. We next determine if it is

affirmatively shown in the record that the presumption of proper venue is inapplicable. *Lee v. State,* 903 S.W.2d 845, 847 (Tex. App.—Beaumont 1995, pet. ref'd). For the record to affirmatively show that venue was improper, it must affirmatively negate whatever proof was made by the State on venue. *Holdridge v. State,* 707 S.W.2d 18, 21-22 (Tex. Crim. App. 1986); *see also O'Hara v. State,* 837 S.W.2d 139, 143 (Tex. App.—Austin 1992, pet. ref'd).

The cashier testified that she lived and worked in Bryan and that both stores that were robbed were in Brazos County. We take judicial notice that Bryan is in Brazos County and that Brazos County is in Texas. *See Black v. State,* 645 S.W.2d 789, 791 (Tex. Crim. App. 1983). The record does not affirmatively show that venue was improper. We therefore presume that venue was proved. Accordingly, Segovia's sufficiency complaints on venue are waived, and we overrule his first two issues.

In his third and fourth issues, Segovia complains that the prosecutor improperly commented on Segovia's failure to testify in the State's rebuttal argument in the punishment phase. The argument at issue is:

> [PROSECUTOR]: Again, at one [*sic*] point does this man take responsibility for anything he's ever done? And before any change could ever happen, there has to be an admission and responsibility. And it's required your verdict --

> [DEFENSE COUNSEL]: Objection, Your Honor. … State is going to defendant's election not to testify. It's clearly a violation of -- of his right to not testify and not incriminate himself or make a statement. His argument is clearly inappropriate and outside the scope.

> THE COURT: Sustained.

> [DEFENSE COUNSEL]: Judge, I move for a mistrial.

THE COURT:  Denied.

[DEFENSE COUNSEL]:  Ask the jury be instructed to disregard his prior statement.

THE COURT:  The jury is instructed that any argument that could be interpreted as any comment upon the defendant's failure to testify in this case is improper, and you should disregard the last argument of the prosecutor that was made that could have any such implication.  The defendant is free to not testify, and that circumstance cannot be taken or used in any way in determining his punishment that should be assessed in this case.

Issue three specifically asserts that the State's improper argument so infected the trial with unfairness as to make the resulting punishment a denial of due process and due course of law.  Rule 33.1 applies to objections to jury argument.  *See Threadgill v. State,* 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); TEX. R. APP. P. 33.1(a).  To preserve a complaint for appellate review, the issue on appeal must comport with the objection made at trial.  *Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  "[A]n objection stating one legal theory may not be used to support a different legal theory on appeal." *Dixon v. State,* 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) (op. on reh'g).  Constitutional claims are not preserved if not timely made in the trial court.  *See Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Barker v. State,* --- S.W.3d ---, ---, 2011 WL 505236, at *2 (Tex. App.—Houston [14th Dist.] Feb. 15, 2011, no pet. h.) (holding that alleged federal and state due-process violations were not preserved because they were not asserted in trial court).  The constitutional grounds being asserted in issue three were not asserted in the trial court and thus are not preserved for appellate review.  Accordingly, issue three is overruled.

Issue four specifically asserts that the argument was calculated to deny Segovia a fair and impartial trial. We construe this issue as a complaint that the trial court erred in failing to grant a mistrial. Jury argument is limited to: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to argument of opposing counsel; and (4) a plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999). "A comment on an accused's failure to testify violates the accused's state and federal constitutional privileges against self-incrimination." *Smith v. State*, 65 S.W.3d 332, 339 (Tex. App.—Waco 2001, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 2005).

The State replies that the rebuttal argument at issue was invited by Segovia's counsel's punishment-phase argument that Segovia may not be wholly responsible for both robberies and that the argument was thus not improper. *See, e.g., Long v. State*, 823 S.W.2d 259, 269 (Tex. Crim. App. 1991). We will assume without deciding that the argument was uninvited and will proceed to a mistrial analysis.

> The denial of a motion for mistrial, which is appropriate for "highly prejudicial and incurable errors," is reviewed under an abuse of discretion standard. *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)); *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

> > [T]he question of whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis. A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." In effect, the trial court conducts an appellate function: determining whether improper conduct is so harmful that the case must be redone. Of course, the harm analysis is conducted in light of the trial court's curative

> instruction. Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required.
>
> *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Thus, the appropriate test for evaluating whether the trial court abused its discretion in overruling a motion for mistrial is a tailored version of the test originally set out in *Mosley v. State*, 983 S.W.2d 249, 259-60 (Tex. Crim. App. 1998), a harm analysis case. *See Hawkins*, 135 S.W.3d at 77. The *Mosley* factors that we consider in determining whether the trial court abused its discretion in denying a mistrial during the punishment phase are: (1) the prejudicial effect, (2) curative measures, and (3) the likelihood of the same punishment being assessed. *Hawkins*, 135 S.W.3d at 77; *see Mosley*, 983 S.W.2d at 259.

*Abbott v. State*, 196 S.W.3d 334, 347 (Tex. App.—Waco 2006, pet. ref'd).

Considering the *Mosley* factors, we cannot say that the trial court abused its discretion in denying the motion for mistrial. Any prejudicial effect was not incurable because the State's comment was indirect, was arguably invited, and was not flagrantly improper. The trial court's instruction to disregard was the proper curative measure in this instance. *See Wesbrook v. State*, 29 S.W.3d 103, 115-16 (Tex. Crim. App. 2000). Finally, Segovia was facing a sentence of life or five to ninety-nine years in prison for these aggravated robberies, which are first-degree felonies. In each robbery, Segovia pointed a gun at the victim. Punishment evidence included Segovia's prior state-jail felony conviction for possession of a controlled substance (heroin) and evidence of two loaded guns (a pistol and a shotgun) and drug-dealing paraphernalia found in his bedroom. The likelihood of the same punishment being assessed without the State's comment is very high. *See Hawkins*, 135 S.W.3d at 85. Issue four is overruled.

Segovia's fifth issue asserts that he was denied due process and due course of law by the introduction of evidence of a flawed identification. Segovia complains that

the pretrial photo line-up that the cashier used to identify him was impermissibly suggestive and tainted the cashier's in-court identification of Segovia as the robber. The cashier had told police that the robber had a teardrop tattoo, and Segovia complains that his photo was the only one with a facial tattoo. He also complains that many of the persons in the other photos "differ dramatically" from Segovia's photo.

The State correctly argues that Segovia has failed to preserve this complaint for appellate review because he did not obtain a pretrial ruling on the photo line-up, nor did he object at trial to the cashier's testimony or the introduction of the line-up into evidence. *See* TEX. R. APP. P. 33.1(a); *In re G.A.T.,* 16 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citing *Perry v. State,* 703 S.W.2d 668, 670 (Tex. Crim. App. 1986)). Accordingly, we overrule issue five.

Having overruled all of Segovia's issues, we affirm the trial court's judgments.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed May 11, 2011
Do not publish
[CRPM]