IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00325-CR

No. 10-09-00326-CR

 

David Segovia,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court Nos. 08-01596-CRF-85
and 08-02618-CRF-85

 



MEMORANDUM  Opinion



 

After two indictments charged David
Segovia with aggravated robbery, a jury found him guilty on both charges and
assessed punishment at forty years in prison and a $2,500 fine in each case.  The
trial court ordered the sentences to be served concurrently.  Segovia appeals
from both judgments, filing a joint brief that asserts five issues.  We will
affirm.

On the evening of December 13, 2007, the
apparently same person committed back-to-back armed robberies of two Handi-Stop
convenience stores in Bryan within an hour of each other.  Both robbery victims
said that the robber “clicked” his gun and pointed it at them in the
robberies.  About six months later, one of the stores’ cashiers identified
Segovia in a police photo line-up as the robber.  At trial, the cashier
identified Segovia as the robber, and the manager of the other store testified
that Segovia looked like the robber, but she could not positively identify him. 
The robberies were recorded by the stores’ security cameras, and two other
witnesses who were familiar with Segovia identified him in each robbery
videotape.

In his first two issues, Segovia
challenges the legal and factual sufficiency of the evidence on venue.  He
asserts that the evidence is insufficient to prove that the offenses occurred
in Texas or that Brazos County is in Texas because no witness testified that
Brazos County is in Texas.  The State first responds that Segovia’s venue
complaint is waived because the presumption that venue was proved applies.  See
Tex. R. App. P. 44.2(c)(1); Fairfield
v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981).

            Venue is not an element of
the offense.  Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981); State v. Blankenship, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref’d); Henley v. State, 98 S.W.3d 732, 734 (Tex.
App.—Waco 2003, pet. ref’d).  Thus, it need be proved by only a preponderance
of the evidence.  See Tex. Code
Crim. Proc. Ann. art. 13.17 (Vernon 2005); Murphy v. State, 112
S.W.3d 592, 604 (Tex. Crim. App. 2003); Fairfield, 610 S.W.2d at 779; Blankenship,
170 S.W.3d at 681; Sudds v. State, 140 S.W.3d 813, 816 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  An appellate court must presume that venue
was proved unless it was challenged in the trial court or the record
affirmatively shows the contrary.  Tex.
R. App. P. 44.2(c)(1); Hernandez v. State, 198 S.W.3d 257, 268 (Tex. App.—San Antonio 2006, pet. ref’d); Blankenship, 170 S.W.3d at 681; Henley, 98 S.W.3d at 734.

 

Witt v. State, 237 S.W.3d 394, 399 (Tex. App.—Waco
2007, pet. ref’d).

 

            Segovia did not dispute venue
in the trial court.  We next determine if it is affirmatively shown in the
record that the presumption of proper venue is inapplicable.  Lee v. State,
903 S.W.2d 845, 847 (Tex. App.—Beaumont 1995, pet. ref’d).  For the record to
affirmatively show that venue was improper, it must affirmatively negate
whatever proof was made by the State on venue.  Holdridge v. State, 707
S.W.2d 18, 21-22 (Tex. Crim. App. 1986); see also O’Hara v. State,
837 S.W.2d 139, 143 (Tex. App.—Austin 1992, pet. ref’d).

            The cashier testified that
she lived and worked in Bryan and that both stores that were robbed were in
Brazos County.  We take judicial notice that Bryan is in Brazos County and that
Brazos County is in Texas.  See Black v. State, 645 S.W.2d 789, 791
(Tex. Crim. App. 1983).  The record does not affirmatively show that venue was
improper.  We therefore presume that venue was proved.  Accordingly, Segovia’s
sufficiency complaints on venue are waived, and we overrule his first two
issues.

            In his third and fourth
issues, Segovia complains that the prosecutor improperly commented on Segovia’s
failure to testify in the State’s rebuttal argument in the punishment phase.        The
argument at issue is:

            [Prosecutor]:  Again, at one [sic] point does this man
take responsibility for anything he’s ever done?  And before any change could
ever happen, there has to be an admission and responsibility.  And it’s
required your verdict --

 

            [Defense Counsel]:  Objection, Your Honor. …  State is going
to defendant’s election not to testify.  It’s clearly a violation of -- of his
right to not testify and not incriminate himself or make a statement.  His
argument is clearly inappropriate and outside the scope.

 

            THE COURT:  Sustained.

 

            [Defense Counsel]:  Judge, I move for a mistrial.

 

            THE COURT:  Denied.

 

            [Defense Counsel]:  Ask the jury be instructed to disregard
his prior statement.

 

THE COURT:  The jury is instructed that
any argument that could be interpreted as any comment upon the defendant’s
failure to testify in this case is improper, and you should disregard the last
argument of the prosecutor that was made that could have any such implication. 
The defendant is free to not testify, and that circumstance cannot be taken or
used in any way in determining his punishment that should be assessed in this
case.

 

            Issue three specifically
asserts that the State’s improper argument so infected the trial with
unfairness as to make the resulting punishment a denial of due process and due
course of law.  Rule 33.1 applies to objections to jury argument.  See
Threadgill v. State, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); Tex. R. App. P. 33.1(a).  To preserve a
complaint for appellate review, the issue on appeal must comport with the
objection made at trial.  Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002).  “[A]n objection stating one legal theory may not be used to
support a different legal theory on appeal.”  Dixon v. State, 2 S.W.3d
263, 273 (Tex. Crim. App. 1999) (op. on reh’g).  Constitutional claims are not
preserved if not timely made in the trial court.  See Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App. 1995); Barker v. State, --- S.W.3d
---, ---, 2011 WL 505236, at *2 (Tex. App.—Houston [14th Dist.] Feb. 15, 2011,
no pet. h.) (holding that alleged federal and state due-process violations were
not preserved because they were not asserted in trial court).  The
constitutional grounds being asserted in issue three were not asserted in the
trial court and thus are not preserved for appellate review.  Accordingly, issue
three is overruled.

            Issue four specifically
asserts that the argument was calculated to deny Segovia a fair and impartial
trial.  We construe this issue as a complaint that the trial court erred in
failing to grant a mistrial.  Jury argument is limited to: (1) summations of
the evidence; (2) reasonable deductions from the evidence; (3) answers to
argument of opposing counsel; and (4) a plea for law enforcement.  Guidry v.
State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).  “A comment on an
accused’s failure to testify violates the accused’s state and federal
constitutional privileges against self-incrimination.”  Smith v. State,
65 S.W.3d 332, 339 (Tex. App.—Waco 2001, no pet.); see also Tex. Code Crim. Proc. Ann. art. 38.08
(Vernon 2005).

            The State replies that the rebuttal
argument at issue was invited by Segovia’s counsel’s punishment-phase argument
that Segovia may not be wholly responsible for both robberies and that the
argument was thus not improper.  See, e.g., Long v. State, 823 S.W.2d
259, 269 (Tex. Crim. App. 1991).  We will assume without deciding that the
argument was uninvited and will proceed to a mistrial analysis.

The denial of a motion for mistrial,
which is appropriate for “highly prejudicial and incurable errors,” is reviewed
under an abuse of discretion standard.  See Simpson v. State, 119 S.W.3d
262, 272 (Tex. Crim. App. 2003) (quoting Wood v. State, 18 S.W.3d 642,
648 (Tex. Crim. App. 2000)); Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999).

 

[T]he question of whether a mistrial
should have been granted involves most, if not all, of the same considerations
that attend a harm analysis.  A mistrial is the trial court’s remedy for
improper conduct that is “so prejudicial that expenditure of further time and
expense would be wasteful and futile.”  In effect, the trial court conducts an
appellate function:  determining whether improper conduct is so harmful that
the case must be redone.  Of course, the harm analysis is conducted in light of
the trial court’s curative instruction.  Only in extreme circumstances, where
the prejudice is incurable, will a mistrial be required.

 

Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Thus, the appropriate test for evaluating whether the trial court
abused its discretion in overruling a motion for mistrial is a tailored version
of the test originally set out in Mosley v. State, 983 S.W.2d 249,
259-60 (Tex. Crim. App. 1998), a harm analysis case.  See Hawkins,
135 S.W.3d at 77.  The Mosley factors that we consider in determining
whether the trial court abused its discretion in denying a mistrial during the
punishment phase are: (1) the prejudicial effect, (2) curative measures, and
(3) the likelihood of the same punishment being assessed.  Hawkins, 135
S.W.3d at 77; see Mosley, 983 S.W.2d at 259.

 

Abbott v. State, 196 S.W.3d 334, 347 (Tex. App.—Waco
2006, pet. ref’d).

            Considering the Mosley
factors, we cannot say that the trial court abused its discretion in denying
the motion for mistrial.  Any prejudicial effect was not incurable because the
State’s comment was indirect, was arguably invited, and was not flagrantly
improper.  The trial court’s instruction to disregard was the proper curative
measure in this instance.  See Wesbrook v. State, 29 S.W.3d 103,
115-16 (Tex. Crim. App. 2000).  Finally, Segovia was facing a sentence of life
or five to ninety-nine years in prison for these aggravated robberies, which
are first-degree felonies.  In each robbery, Segovia pointed a gun at the
victim.  Punishment evidence included Segovia’s prior state-jail felony
conviction for possession of a controlled substance (heroin) and evidence of
two loaded guns (a pistol and a shotgun) and drug-dealing paraphernalia found
in his bedroom.  The likelihood of the same punishment being assessed without
the State’s comment is very high.  See Hawkins, 135 S.W.3d at
85.  Issue four is overruled.

            Segovia’s fifth issue
asserts that he was denied due process and due course of law by the
introduction of evidence of a flawed identification.  Segovia complains that
the pretrial photo line-up that the cashier used to identify him was
impermissibly suggestive and tainted the cashier’s in-court identification of
Segovia as the robber.  The cashier had told police that the robber had a
teardrop tattoo, and Segovia complains that his photo was the only one with a facial
tattoo.  He also complains that many of the persons in the other photos “differ
dramatically” from Segovia’s photo.

The State correctly argues that Segovia
has failed to preserve this complaint for appellate review because he did not
obtain a pretrial ruling on the photo line-up, nor did he object at trial to
the cashier’s testimony or the introduction of the line-up into evidence.  See
Tex. R. App. P. 33.1(a); In re
G.A.T., 16 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied) (citing Perry v. State, 703 S.W.2d 668, 670 (Tex. Crim. App.
1986)).  Accordingly, we overrule issue five.

Having overruled all of Segovia’s
issues, we affirm the trial court’s judgments.

 

 

REX
D. DAVIS

Justice

 

Before Chief
Justice Gray,

Justice
Davis, and

Justice
Scoggins

Affirmed

Opinion
delivered and filed May 11, 2011

Do not publish

[CRPM]








 






mode:char'>(Justice Vance concurs in the judgment)

Affirmed

Opinion delivered and filed December 6, 2006

Do not publish

[CRPM]